Cawthon *v.* Searcy.

12L 649
15L 535
1pi 16

J. E. CAWTHON *et al. v.* JAMES SEARCY *et al.*

SUPREME COURT PRACTICE. *Appeal. Final decree.* An appeal lies to this court only from a final judgment or decree of the county court, and a decree for the sale of land for division is not such a decree.

FROM WILSON.

Appeal from the County Court of Wilson county. —— —— J.

SAM GOLLIDAY for Cawthon.

W. H. WILLIAMSON for Searcy.

COOPER, J., delivered the opinion of the court.

This was a petition filed in the county court for the sale of land for division, and for this purpose to set aside a partition of the same land made by the same court at a previous term, in the case of James Searcy against Thomas Searcy and others, to which the present petitioners were parties. Such proceedings were had under the petition that the court did set aside its decree in the first case, and on October 15, 1881, render a decree ordering the land to be sold for division. From this decree the defendant, Clay Tilghman, prayed and obtained an appeal, which he perfected by giving the bond required by law. The record was, however, not brought up and filed, and at this December term, 1883, the appellee, Cawthon, presented a transcript of the record, and moved for

an affirmance of the decree of the county court. The motion was entertained, and the decree below affirmed. Afterwards, the appellant appeared, and moved the court, upon affidavits showing why the transcript was not sooner filed, that the affirmance be set aside, and the cause heard upon its merits.

There can be little doubt of the power of the court, under a long established rule, to affirm a judgment or decree of the lower court upon the application of the appellee for the failure of the appellant to prosecute his appeal: *Craddick* v. *Pritchett,* Peck, 22; *Spalding* v. *Kincaid,* Thomp. Cas., 48; *Furber* v. *Carter,* 2 Sneed, 1; *Freeman* v. *Henderson,* 5 Cold., 647: Heisk. Dig., sec. 153. And the court may, upon good cause shown when the application to affirm is made, refuse an affirmance, and place the case on the docket for trial: *Craddick* v. *Pritchett,* Peck, 22. But an examination of the record has disclosed a fact to which our attention was not called by the counsel on either side, and which shows that we have no jurisdiction of the cause. The general rule in this State always has been that an appeal or writ of error lies only from a final judgment or decree. It has so been held in the case of appeals from the county court: *Rutherford* v. *Richardson,* 1 Sneed, 609; *Evans* v. *Shields,* 3 Head, 71. The only exceptions to this rule are those provided for by the Code, sec. 3157. But the discretion conferred by that section is limited expressly to the "chancellor or circuit judge." It is not conferred upon the judge or chairman of the county court, or upon that court. A decree for

the sale of land is not final: 1 Heis., 540, 742; 12 Heis., 249.

The decree [of affirmance will be set aside, and the appeal dismissed at the cost of the appellant, because prematurely granted.