Hays v. Covington.

16L 262
2pi 21
2pi 674

FRANCIS HAYS, Trustee, *v.* I. A. COVINGTON *et al.* .

1. ASSIGNMENT, GENERAL. *Sworn inventory.* To constitute a general assignment of a debtor's property for the benefit of creditors, within the meaning of the act of 1881, chapter 121, the fact that it is a general assignment of all the debtor's property must appear on the face of the deed or the sworn inventory required to be annexed, and in that event only will the assignee be entitled to any other property of the debtor not described in the deed or set out in the inventory.

2. SAME. *Mortgage.* A conveyance of a portion of the debtor's property for the benefit of one or more, or of all his creditors, is good to the extent of the property included therein, if not made within three months of a general assignment and in contemplation of such assignment, and a mortgage or trust deed to secure the price of property bought or money loaned at the time is good, even if executed within three months of a general assignment.

3. SAME. *When not general.* Where, therefore, an assignment of specifically described property, which did not purport on its face to be an assignment of all the debtor's property, and which did not in fact include a part of his realty, was made for the benefit of all a debtor's creditors, the assignment was held not to be a general assignment within the act, but only a partial assignment, and the omitted realty did not pass to the assignee, and was open to the levy of execution by any of the creditors.

FROM WEAKLEY.

Appeal from the Chancery Court at Dresden. JNO. SOMERS, Ch.

. H. H. BARR for complainant.,

M. D. CARDWELL for defendants.

COOPER, J., delivered the opinion of the court.

On March 20, 1882, William Webb conveyed to the complainant, Francis Hays, certain real and personal property in trust for the equal benefit of all

Hays *v.* Covington.

his creditors, whether named in the deed or not. The deed does not purport to be a general assignment of all the grantor's property, and it is shown not to include the tract of land on which he lived, and which constitutes the subject-matter of this litigation. There is no schedule of property attached to the deed. Shortly after the execution of the trust deed, three of the creditors named therein recovered judgments before justices of the peace against Webb on their respective claims, caused executions to be issued on the judgments and levied upon the land in dispute, had the papers returned into the circuit court, and the land ordered to be sold. This bill was filed by the trustee against these creditors to enjoin the sale of the land under the *venditioni exponas* issued upon these several judgments of condemnation, upon the ground that the tract of land not included in the deed nevertheless passed to the trustee by operation of law, under the act of 1881, chapter 121. The chancellor so held, and the Referees have reported in favor of affirming his decree. The judgment creditors except.

The act of 1881 is entitled "An act to secure to creditors an equal and just distribution of the estates and assets of debtors who make general assignments for the benefit of their creditors, and to prevent the giving of preference in such assignments, or by other conveyance, confession of judgment by default, or collusion in contemplation of a general assignment." The act contains five sections as follows:

Section 1. Be it enacted, etc., "That preference

of creditors in general assignments of all a debtor's property for the benefit of creditors shall be illegal and void, and all general assignments shall operate for the benefit of all the debtor's creditors *pro rata*, whether all the creditors are named in the assignment or not. The insertion of a clause in the assignment giving a preference shall not render the assignment itself invalid, but the clause only shall be nugatory, and all the debtor's creditors shall share ratably in the property assigned.

Section 2. That any mortgage, deed in trust, or other conveyance of a portion of a debtor's property for the benefit of any particular creditor or creditors, made within three months preceding a general assignment, shall be void in the event a general assignment is made within three months thereafter, and the property conveyed by such conveyance shall be shared ratably by all creditors, just as that embraced in general assignments.

Section 3. That any confession of judgment by a debtor, or permitting judgment to be taken by default, or by collusion, within three months preceding a general assignment, and in contemplation of such assignment, shall be void in the event a general assignment shall be made within three months after said judgment.

Section 4. That the debtor making a general assignment shall annex thereto a full and complete inventory or schedule under oath of all his property of every description, and that the trustee or assignee shall be entitled to any other property of the debtor

not embraced in the assignment, and not exempt from execution, and also to property conveyed in violation of section 2 of this act, and to property or its proceeds signed (seized?) to satisfy judgments rendered in violation of section 3 of this act.

Section 5. That the provisions of this act shall not prevent any person from making a mortgage or deed of trust to secure the payment for property bought or money loaned; provided the mortgage or deed of trust is executed at the time of buying the property or borrowing the money.

The caption, to which the enactment must conform to make the statute constitutional, provides for an act to secure to creditors an equal distribution of the estates of debtors who make "general assignments for the benefit of creditors," and to prevent preference in such assignments, or by other conveyance, by judgment by confession or default, or collusion in contemplation of a general assignment. The first section of the act simply secures the equality of all creditors, "in general assignments of all a debtor's property for the benefit of creditors," by annulling any clause giving a preference, and providing that all creditors, whether named or not, should share ratably "in the property assigned." The second section makes void as against a general assignment any mortgage, deed of trust, or other conveyance of a portion of the debtor's property for the benefit of any particular creditor or creditors, if made within three months preceding the general assignment, and in contemplation of making such assignment. The

third section makes void in favor of such general assignment any judgment by confession, default, or collusion, taken within three months preceding the general assignment and in contemplation of such assignment. The fourth section requires "that the debtor making a general assignment shall annex thereto a full and complete inventory or schedule under oath of all his property of every description," and gives to the assignee the benefit secured by the second and third sections, and says he "shall be entitled to any other property of the debtor not embraced in the assignment." The fifth section is merely intended to exclude a possible conclusion by providing that the debtor may make a valid mortgage or trust assignment to secure the payment of the price of property bought or of money loaned, even if made within three months preceding a general .assignment.

The salient objects of the statute are plain enough, and in strict accord with the caption. It does away with preference of creditors "in general assignments of all a debtor's property," and gives to such assignments a priority over partial assignments for particular creditors made within the preceding three months in contemplation of the general assignment, and over certain judgments rendered within the three months in contemplation of the general assignment. Partial assignments for particular creditors are still good if not followed by a general assignment within three months thereafter, and shown to have been made in contemplation of such general assignment. And a mortgage or deed of trust to secure the price of

property sold, or of money loaned at the time, will be good, even if made within the three months.

The only question remaining is, what is the "general assignment of all a debtor's property for the benefit of creditors" contemplated by the act? The mere fact that all the debtor's creditors are named or secured in an assignment will not make it a general assignment. For all the creditors may be included in an assignment of only a part of the debtor's property, and the first section of the act provides that all the creditors shall have the benefit of a general assignment whether named, or intended to be secured, or not. To constitute a general assignment within the act, the first section says it shall be "of all a debtor's property," and the fourth section, to secure this result, requires that the debtor shall annex to the general assignment "a full and complete inventory or schedule under oath of all his property of every description." The Legislature plainly contemplated that the general assignment of the act should be "of all the debtor's property," and that this fact should appear on the face of the deed, or the sworn inventory annexed. Even, therefore, if the sworn inventory can be supplied by a recital of the property within the body of the deed, not sanctioned by the debtor's oath, the fact that it is a general assignment of all the debtor's property must appear upon its face, either expressly or by necessary intendment. The fact does not appear in the deed under consideration, and it is shown by the proof that the deed does not include all the debtor's property.

But, it is said, the fourth section of the act provides that the assignee " shall be entitled to any other property of the debtor not embraced in the assignment," and therefore contemplates that property might be omitted which would nevertheless pass. But even if so, the deed must purport to be an assignment of all the debtor's property, so as to be notice, when registered, of the fact. It would never do, unless the Legislature said so in so many words, to hold that an assignment of specific property, which does not purport to be "of all the debtor's property," and which would not be notice to any one beyond the property specified, is nevertheless a general assignment of all the debtor's property. There would be no way of distinguishing between partial assignments, which are valid, unless made in contemplation of a general assignment and within the next preceding three months, and a general assignment under the act. All of our law on the subject of partial assignments which are valid would be thrown into confusion. Moreover, in the very teeth of the statute of frauds, the law of contracts, and the registry laws, we would be compelled to imply a conveyance of land without any writing, and without any contract or intention to convey, and give effect to it against creditors, and purchasers without notice, even, it may be, after the lapse of years. For, if the conveyance actually passes the title to property not mentioned, the title thus acquired would be good within the seven years statute of limitations.

The Legislature would have the power, undoubtedly,

to make a partial assignment of property for the benefit of creditors an act of bankruptcy or insolvency, upon which legal proceedings might be instituted to impound the grantor's property, and distribute it ratably among his creditors, in the absence of a general bankrupt law by the Congress of the United States. But it is difficult to see how the Legislature can make a contract between parties different from the one actually made, and say that a man has conveyed property when he has not conveyed, and did not intend to convey it. And the language of the act under consideration does not authorize us to infer that the Legislature contemplated any such result in this instance. What they probably meant by the doubtful clause relied on is, that if the assignment was on its face general, as if for example, it said the grantor hereby conveys all of his property of every description in the State, or wherever situated, and was accompanied by a sworn inventory of all his property, it should pass to the assignee any property casually or even intentionally omitted from the schedule, for such property would nevertheless be within the general words of the deed.

Be this as it may, the assignment under consideration does not purport to be a general assignment of all the grantor's property, and is not in fact such a general assignment. It does not, therefore, fall within the fourth section of the act, but is valid under the law, not being within the purview of the second section. The appellee creditors acquired a right to the land in dispute by their proceedings at

Campbell *v.* Railroad Company.

law, and are entitled to subject the same to the satisfaction of their debts.

The exceptions to the report of the Referees will be sustained, the chancellor's decree reversed, and the bill dismissed with costs, for which the appellant will be entitled to be reimbursed out of the trust assets.