PATEY *et al. v.* PATEY *et al.*

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

JAMES A. WEEMS, WILLIAM C. COOK and F. S. HALL, all of Dickson, for plaintiffs in error.

RAY STUART, of Dickson, and W.M. LEECH, of Charlotte, for defendants in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

According to the record, the will of Nannie Patey was probated in common form in February of 1949. By a petition filed in February of 1951 some of her alleged heirs at law seek a contest devisavit vel non as to this will, and to probate an alleged subsequent will. The defendants, except one, to the petition, alleged heirs at law, filed a plea in abatement averring that the estate had been settled under the previous will now sought to be set aside, and settled with the knowledge of the

petitioners who had received the shares given to them by that will, and now retain it, and with full knowledge all the time of the alleged facts upon which they now base their petition to contest the previous will. One defendant answered, setting up the same defense. Petitioners moved to strike the plea in abatement for insufficiency in law.

The County Judge overruled the motion to strike, and "granted in the discretion of the Court" petitioner's prayer for an appeal to the Circuit Court. That Court likewise overruled the motion to strike. The order so reciting says that the petitioners "refuse to plead further" and the cause, therefore, is remanded to the County Court for further proceedings. Petitioners (plaintiffs-in-error) excepted to the Court's action "in overruling plaintiffs' motion to strike said plea in abatement". An appeal to this Court was prayed and, by the Circuit Court, granted.

The County Judge, the Circuit Judge, and all the lawyers in the case have assumed that the above related appeals are permissible. This assumption is a mistake.

■■ The order of the County Court overruling the motion to strike the plea in abatement did not settle the rights of the parties. Further proceedings on the plea were required. It was, therefore, an interlocutory order, not a final judgment. " 'It is, of course, well settled that an appeal as a matter of right lies only from a judgment which is final as to the party appealing.' " *Israel* v. *Guy*, 188 Tenn. 485, 486, 221 S. W. (2d) 525, 526. The question, then, is whether the County Judge had the authority to grant the discretionary appeal, as purported by him, to the Circuit Court.

■ The only authority to allow discretionary appeals is that granted Chancellors and Circuit Judges in equity

causes by code section 9038, as amended by Chapter 154 of the Public Acts of 1953. If there were no precedent to guide us, it would still be necessary to hold on principle that the County Judge does not fall within the provisions of 9038, because he is neither a Chancellor nor a Circuit Judge. But the question has long since been settled by precedent, as well as on principle.

In *Cawthon* v. *Searcy,* 80 Tenn. 649, 651, this Court referring to what was then Code Section 3157, now 9038, said that "the discretion conferred by that section is limited expressly to the 'Chancellor or Circuit judge.' It is not conferred upon the judge or chairman of the county court, or upon that court." This ruling was reiterated in *Hays* v. *Covington,* 84 Tenn. 262, wherein the Court closed with the statement that "the county court and county judge are clothed with no such discretion". See also *Nelson* v. *Theus,* 5 Tenn. Civ. App. 87, 101, (certiorari denied) where this rule is again reiterated.

Since the County Judge had no authority to grant this appeal the Circuit Court was without jurisdiction. It was so held in *Cawthon* v. *Searcy,* supra, wherein this Court, upon discovering in the case then before it that the county court had purported to grant the discretionary appeal, dismissed it with the statement that it, the Supreme Court, had no jurisdiction in the cause. Lack of jurisdiction was likewise adjudged under similar circumstances in *Nelson* v. *Theus,* supra. It follows that the Circuit Court was without jurisdiction to consider the merits.

The tangled situation, legally speaking, in which we all thus find ourselves by reason of the Circuit Court taking jurisdiction in a case in which it had no jurisdiction

presents a problem as to how we are going to get this case back to the County Court. While there may be some technical difficulties connected with the procedure adopted, the result obtained is proper. Therefore, the judgment of the Circuit Court assuming to take jurisdiction of the appeal and determine the merits of the motion to strike will be reversed. The cause will be remanded to the Circuit Court for the entry of an order dismissing the appeal from the County Court and remanding to the County Court for further proceedings. All costs on the appeal to the Circuit Court and on the appeal to this Court will be taxed against plaintiffs-in-error and their sureties.