Throgmorton *v.* Copeland *et al.*

*(Nashville,* December Term, 1948.)

Opinion filed March 11, 1949.

C. L. Boyd, of Waynesboro, for plaintiff in error.

Ross & Ross, of Savannah, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

This was an election contest case, originating in the County Court of Wayne County, over the offices of Justices of the Peace. The plaintiff in error, a defeated candidate for Justice of the Peace, filed his petition

against three of the successful candidates for the office of Justice of the Peace, and predicated his contest on the ground that there were irregularities in the holding of the August, 1948, election at Waynesboro, to the extent that, as alleged, the election was void.

The original petition, in the fourth prayer thereof, averred that the County Judge of Wayne County was incompetent, and prayed that he recuse himself and "transfer to the Circuit Court without delay." Shortly after the petition was filed, a demurrer was filed thereto and then it was that the County Judge entered an order in which he "certified to the Chancery Court of Wayne County" the cause "where the same will be disposed of according to law." The County Judge stated that his reason for certifying the cause to the Chancery Court was that this Court was "the first convening in said County in which the case could be heard upon its merits."

Upon the case being thus certified to the Chancery Court, the plaintiff in error, the original petitioner, filed his petition in the Circuit Court for *certiorari* and *supersedeas,* in which he prayed that the cause be *certioraried* from the County Court to the Circuit Court where it should be heard. Upon this petition for *certiorari* being filed, the Circuit Judge signed an order directing that the matter be sent to the Circuit Court. As soon as this was done, the defendants in error here filed a motion to dismiss this *certiorari* because the County Judge, prior to the filing of such petition and upon grounds sufficient to himself, had certified the case to the Chancery Court.

The statute under which the County Judge acted is carried in the present Code as Section 9909 and it provides that the County Judge when he is incompetent to try a cause in his court may notify one of the Circuit Judges or Chancellors who may as soon as possible "sit

in the case instead of the county judge, and dispose of the same according to law; or the county judge may, *in such case, certify the cause to the circuit or chancery court of the county,* where the same shall be disposed of according to law.''

This appeal comes to us from the dismissal of the petition for *certiorari* and *supersedeas* by the circuit judge. The question here raised is stated in the brief for the plaintiff in error as: ''Does the County Judge have authority and power to exercise his discretion and transfer the contest of the office of Justice of the Peace, brought in his Court, to the Chancery Court when he is incompetent to hear the case because of interest?''

We think this question must receive an affirmative answer. Our reason for thus saying is, that the Legislature in its wisdom provided in the Code Section, above quoted, that in a case of incompetency of the County Judge he may ''certify the cause to the circuit or chancery court of the county, where the same shall be disposed of according to law.'' It will be noticed that in this Code Section, above quoted, that there are two alternatives for the County Judge when he concludes that he is incompetent in a case. In the first instance he may ask either the Circuit Judge or Chancellor to sit as a County Judge and hear the case in that Court as such, and in the second case, under which the County Judge acted in the instant case, he may certify the cause to either the Circuit or the Chancery Court where it shall be ''disposed of according to law.'' It is evident by the language used in this Code Section that the Legislature, in enacting this Code Section, desired that the matter be heard as speedily as possible and that some discretion be left in the County Judge as to which of the two Courts he might certify the case to, so as to expedite the hearing.

■ Section 2112 of the Code provides that the contest of the election of the Justice of the Peace shall be in the County Court. By judicial construction this means it is to be tried before the County Judge not before the quarterly County Court. *Brown v. Hows,* 163 Tenn. 138, 40 S. W. (2d) 1017. An appeal, from an adverse decision, by either party from the County Judge under cases of the kind will go to the Circuit Court, Code Section 9028. Code Sections immediately following Section 2112, above referred to, provide for contested elections over Sheriffs, etc., to be held in the Circuit Court. Section 2114 provides for contested elections over the Supreme or Appellate Judges to be heard by the Chancellor. Section 2115 provides for contested elections over the Chancellor which are also to be held by the Chancellor. Those sections conferring jurisdiction upon the Chancellor to hear the contests over certain offices do "not confer jurisdiction upon the chancery court, as a court, but constitutes the Chancellor a special tribunal to determine and hear the contests." *Barham v. Denison,* 159 Tenn. 226, 17 S. W. (2d) 692, 696.

■ "In contested election cases involving the officers referred to in section 1308, 1309, Shannon's Code (Williams Tennessee Code, Sections 2112, 2113), jurisdiction is exercised by the circuit court as a court and on appeal in such cases from the judgment of the court the cause is reviewable *de novo. Moore v. Sharp,* 98 Tenn. [491], 493, 41 S. W. 587; *Shields v. McMahan,* 112 Tenn. [1], 5, 81 S. W. 597." *Barham v. Denison, supra.*

■ In *Brown v. Howe,* 163 Tenn. 138, 40 S. W. (2d) 1017, 1022, this Court, in speaking of a contest under the Code Section under which the instant contest was brought, said: "It was pointed out in the discussion that election contests triable in the county court under sec-

tion 1308 (now 2112), such as the one before us, were always regarded as legal controversies, appealable from the county court to the circuit court, and from that court to this court.''

This statement, last above quoted, is merely a statement of what is shown by the intention of the Legislature in Code Section 9909 above quoted, wherein it says that in transferring or certifying cases from the County Court to either the Circuit or the Chancery Courts they shall ''be disposed of according to law.'' In other words, if the case is transferred from the County Court it is tried by either the Circuit Judge or the Chancellor as any other case at law. An election contest is a lawsuit and is to be tried according to the forms of law. In divorce cases, ouster cases or other cases of that nature, by statute and practice they are tried by the Circuit Judge according to the forms of Chancery. In the instant case when the matter is certified to the Chancellor the converse of this is true because the election contest is a law case and is tried by the Chancellor as a Circuit Judge. On appeal an election contest of the kind now before us is reviewed as any other case at law, *Brown* v. *Hows, supra.*

We can see no reason why the Chancellor in trying this suit as a lawsuit does not have all the machinery to try the case that a Circuit Judge would have, the rules of evidence are the same and the findings on appeal are the same as those of the Circuit Judge, as heretofore shown. It is apparently argued by the plaintiff in error that he is precluded from a jury trial by reason of having this case transferred to the Chancery Court. This has long been an exploded theory. There are numerous holdings why one is not entitled to a jury trial in a contested election case. See *Shields* v. *McMahan,* 112 Tenn.

1, 81 S. W. 597; *Taylor* v. *Carr,* 125 Tenn. 235, 141 S. W. 745, Ann Cas. 1913C, 155.

Insofar as this record shows, the reasons stated by the County Judge for his certifying this case to the Chancery Court cannot be questioned. Under such circumstances we think that the County Judge exercised his sound discretion, not in an arbitrary or willful manner but with regard to what he thought was right under the circumstances in the law and directed by his reason and conscience to a just result.

Regardless of this, the parties can unquestionably get a fair and unbiased trial in the court to which this case has been transferred. If there should be any question as to the personal qualifications of the individual who holds this Chancery Court we feel sure that the individual would certify his incompetency and have another Chancellor or Circuit Judge to sit, as he has a right to, under the statute.

For the reasons above set forth the judgment of the trial court must be affirmed.