PARKER *v.* REDDICK.

(*Nashville*, December Term, 1953.)

Opinion filed May 21, 1954.

Robert F. Brinkley, R. H. Harsh, and Douglas N. Hester, all of Gallatin, for plaintiff in error.

J. W. Murrey, Jr., of Gallatin, for defendant in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

Referring to the parties to this suit as they appeared in the trial court, J. H. Reddick, as plaintiff, sued the defendant, Parker, for damages for slander. Process was served upon the defendant who thereupon pleaded in abatement of the summons as follows:

"Now comes your defendant Reeder Parker, a resident of Humphreys County, Tennessee, and pleas

474

in abatement to the summons and subsequent proceedings issued and served upon him in this cause for the following reasons, to wit:

"The said summons was served upon the defendant on the Twenty-Second (22nd) day of January, 1953, by J. B. Bracey, sheriff of Sumner County, Tennessee and at this particular time said defendant, Reeder Parker was the duly elected, qualified, and acting Attorney General of the Ninth Judicial Circuit of the State of Tennessee and particularly the Attorney General for Sumner County, State of Tennessee and when the aforesaid summons was served on said Reeder Parker said Reeder Parker was at the aforesaid time in the Court room of the Sumner County House at Gallatin, Tennessee acting in his official capacity as Attorney General of the Ninth Judicial Circuit of the State of Tennessee, and was, in fact, prosecuting the case of the State of Tennessee vs. Majoe Elliott, who was charged with possessing intoxicating liquors, contrary to the laws of the State of Tennessee and said prosecution by said Reeder Parker was being held in the Circuit Court for Sumner County, Tennessee on the aforesaid date and that said Reeder Parker was in Sumner County on said date for the aforesaid purpose and further for the purpose of carrying out the administration of justice for Sumner County, Tennessee in the Circuit Court for said County and for no other purposes and therefore the summons served as aforesaid on the said Reeder Parker and all subsequent proceedings there under are wholly void and of no force or effect.

"Hence, the defendant prays to be dismissed by reasonable cost."

The plaintiff moved the court to strike the foregoing plea on the ground that "said plea sets forth no facts which if proved constitute the basis for abating the suit." The trial judge treated the motion as a demurrer and overruled it. An appeal was thereupon prayed and granted to this Court. The action of the trial judge in granting the discretionary appeal is based upon Code Section 9038, as amended by Chapter 154, Public Acts of 1953, and reads as follows:

"The Chancellor or Circuit Judge may, in his discretion, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition or other character of reference, before the account is taken or the sale or partition is made or the reference had; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others."

██ ██ The foregoing Code Section plainly authorizes judges of the Circuit Court to grant discretionary appeals, the same as Chancellors, in equity causes. It specifically provides: "* * * or he may allow such appeal on overruling a demurrer". While both Chancellors and Circuit Judges may grant discretionary appeals from interlocutory orders, as provided in the statute we do not construe it to mean that an appeal may be granted from every such order "affecting his right" but only where such order is determinative of the merits of the case or is otherwise expressly authorized by the statute.

The sole question presented in the several assignments of error involves the immunity from service of civil process by District Attorneys General, i.e., is the defendant, by reason of his official status, immune from service of civil process while attending court in a county other than that of his legal residence?

There is no statutory law in Tennessee exempting Attorneys General, Judges or other public officials from service of civil process at any time. The statutes exempt only a person "while attending his duty at a muster of militia, or election, or a witness or juror." Code Section, 8751, Subsection (2). See also Code Section 9798, which exempts persons from service of process while attending court as a witness, etc.

 The defendant's claim of immunity from service of process while attending Circuit Court in his official capacity is based upon public policy. The decisions are in hopeless conflict as to defendant's right, as a matter of law, to claim such immunity. The general rule in this State is that, "Suitors, whether plaintiff or defendant, from a foreign jurisdiction, are exempt from the service of civil process while attending court and for such reasonable time before and after trial as may enable them to go from and return to their homes." *Sofge* v. *Lowe,* 131 Tenn. 626, 176 S. W. 106, L. R. A. 1916 A, 734. In support of the rule the Court in this same case says: "The privilege of the individual is incidental; the protection of courts of justice is the primary object of the rule", citing cases. See also *Lamb* v. *Schmitt,* 285 U. S. 222, 52 S. Ct. 317, 76 L. Ed. 720, 721; *Hardie* v. *Bryson,* D. C., 44 F. Supp. 67; *Murrey* v. *Murrey,* 216 Cal. 707, 16 P. (2d) 741, 85 A. L. R. 1335; and *Cotton* v. *Frazier,* 170 Tenn. 301, 95 S. W. (2d) 45.

The ruling in the Sofge case has no application here for the reason that Parker was not a defendant in any case; he only became such following the service of process upon him.

The authorities which support the defendant's theory of exemption on the ground of public policy have no application to the case at bar in view of Chapter 34, Public Acts of 1953, which provides, that "in all tort actions" where the plaintiff and the defendant reside in different counties, "the action may be brought in the county in which the cause of action arose, and process may be sent to another county as in local actions."

It thus results that whether the summons was served on General Parker while attending court in Sumner County, or sent to the county of his residence for service upon him, is wholly immaterial as bearing upon the question of jurisdiction.

There is no merit in the contention of defendant that the foregoing statute is not controlling because the record fails to show that the alleged tort was committed in Sumner County. The question was not raised in the court below and hence is not available to the defendant in this Court. It could not be raised except by plea in abatement to the jurisdiction of the court which was not done.

The assignments of error are overruled and the case is remanded for trial on the merits.