MATTHEWS v. ARCHIE.

(*Nashville,* December Term, 1953.)

Opinion filed May 21, 1954.

418

IRVING M. STRAUCH, STRAUCH & JONES, of counsel, of Memphis, for plaintiff in error.

SETH B. McGAUGHRAN, of Memphis, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents a controversy, rising from a written contract for the sale of an automobile by Matthews, to Archie. The declaration alleges that after Archie had paid $242 on the purchase price of the automobile, Archie rescinded the contract and repossessed the automobile. The declaration further alleges that the written contract was a contract of conditional sale, that after repossession, Matthews has failed to comply with the statute, Code Section 7286 et seq., defining the duties of the conditional vendor after repossession, and that, therefore, Plaintiff Archie sues to recover the sum of $242, being the amount of installments paid on the purchase price of the repossessed automobile.

To the declaration the defendant filed a demurrer, which was overruled by the Trial Judge, who permitted this discretionary appeal.

The plaintiff challenges the appeal as premature and moves to dismiss it on that ground.

By Chapter 154, Public Acts of 1953, Code Section 9038 was amended and the right to grant discretionary appeals was extended to the Circuit Judge, who now has authority to grant discretionary appeals, as has the Chancellor, in the following cases: (a) in equity causes from decrees ordering an account or reference; (b) from decrees overruling demurrers; (c) from decrees finally settling the rights of one party to the litigation, though such appeal leave the cause pending as to other parties.

Since the appeal here is from an order overruling a demurrer, it was not premature, and motion to dismiss on that ground is overruled.

We now consider the validity of the order overruling the demurrer which stated two grounds, namely:—

(1) That the contract sued on was not one of conditional sale, and

(2) That the declaration stated no cause of action against the Defendant either in contract or in tort.

The written contract, which was introduced and made a part of the record on order of the Trial Judge, is very meager and inexpertly drawn. In substance, it provides:—That on the 17th day of February, 1953, W. J. Matthews agrees to sell to Carlon Archie, a 1949 Chevrolet, motor No. GAA-760258, license No. 2T362, for which Archie agrees to pay $1250 in weekly installments of $30.25, and Archie further agrees that if he moves the cab "from under the Safety Cab Company's colors, he is to pay the full amount or balance of installments, or

such as the owner deems within his power." This contract was signed by Matthews and Archie in the presence of Warren G. Moore and Arthur Sparks.

It is clear that the first ground of the demurrer was valid and should have been sustained. Code Section 7286 is as follows:

"In all conditional sales of personal property, wherein the title to the property is retained by the vendor, as a security for the payment of purchase money, such retention of title shall be invalid unless evidenced by a written contract or memorandum, executed at the time of the sale."

██ In the contract before us, there is no language whatsoever, to express an intention of the parties that title should remain in Matthews, the vendor. The required expression of title retention is not met. *Kenner & Co.* v. *Peters,* 141 Tenn. 55, 206 S. W. 188; *Sanders* v. *Farmers Union Co.,* 5 Tenn. App. 560. Unless the language of the contract clearly makes out a conditional sale, this Court will not extend the law of Conditional Sales by implication, since those laws are essentially out of harmony with our registration laws. *Star Clothing Manufacturing Co.* v. *Nordeman,* 118 Tenn. 384, 100 S. W. 93; *Baker* v. *Dew,* 133 Tenn. 126, 179 S. W. 645; *Commerce Union Bank* v. *Jackson,* 21 Tenn. App. 412, 111 S. W. (2d) 870.

██ If there is doubt whether or not the contract presented is or is not a contract of conditional sale, the doubt will be resolved against holding such contract a conditional sale. *Great American Indemnity Co.* v. *Utility Contractors, Inc.,* 21 Tenn. App. 463, 111 S. W. (2d) 901; *Sweeney* v. *Mergenthaler Linotype Co.,* 8 Tenn. Civ. App. 244.

■ Our study of the declaration convinces us that the cause of action stated in the declaration was based essentially on the proposition that the contract sued on was a conditional sales contract. Since, under the foregoing authorities, we are compelled to construe the contract as not being one for conditional sale, it results that the declaration does not state a cause of action.

However, on account of the facts stated in the declaration, we are not disposed to foreclose the way for plaintiff's relief by dismissing the cause in this Court. Accordingly, the judgment is reversed and the cause remanded to the Circuit Court for further proceedings not inconsistent with this opinion. The plaintiff, defendant in error, will pay the costs.

NOTE. The opinion in this case was prepared by GAILOR, Justice, and was unanimously approved in conference prior to his death.