Bessie Potter *v.* M. W. Sanderson *et al.*

Clifton Potter *v.* M. W. Sanderson *et al.*

(*Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

H. B. Stout, of Clarksville, for plaintiffs in error.

McReynolds & Marks, of Clarksville, for defendants in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

These companion cases were appealed to this Court from the Circuit Court of Montgomery County from the action of the trial judge in sustaining a demurrer to each of the plaintiff's declarations. The suits involve the rights of the plaintiffs to recover damages for injuries resulting from the operation of an automobile by one Phillip H. Gupton, a duly appointed Deputy Sheriff, M. W. Sanderson, Sheriff, and other co-defendants who were sureties on the Sheriff's official bond. The Sheriff demurred to each declaration, as did his co-defendants, E. R. Terrell and Ashley Dabbs, Sr., co-sureties on the Sheriff's bond.

The demurrers were sustained by the trial judge, from which an appeal was prayed and granted to this Court.

The cases are still pending in the Circuit Court against Phillip H. Gupton, and, in so far as this record shows, are undisposed of.

The assignments of error complain of the action of the trial judge in sustaining the demurrers above mentioned.

The defendants have moved the Court to dismiss the appeal on the ground that the same is premature. Counsel for the appellants, plaintiffs below, insists that this is a discretionary appeal, and was properly granted pursuant to Section 9038 of Williams' Tennessee Code, as amended by the Public Acts of 1953, c. 154 and 1955, c. 172, T. C. A. Sec. 27-305. The Section reads as follows:

"The chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity

causes determining the principles involved and ordering an account or a sale or partition or other character of reference, before the account is taken or the sale or partition is made or the reference had; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others; or he may allow any party to appeal from a judgment or decree which settles the rights of the parties, although the amount of damages or compensation has not been determined.''

We think the foregoing Code Section was intended to apply to discretionary appeals, granted by the judge in lower courts, to such *equity* causes wherein the Circuit and Chancery Courts have concurrent jurisdiction, or in a law case where the judgment or decree "settles the rights of the parties, although the amount of damages or compensation has not been determined."

This question was definitely decided in *Isreal v. Guy*, 188 Tenn, 485, 221 S. W. (2d) 525, 526, adversely to the plaintiff's insistence in the present case, wherein it is said:

" 'Moreover, not even a discretionary appeal, otherwise authorized under section 9038, lies from a judgment or decree sustaining a demurrer and dismissing as to one or more of the defendants and leaving the case undisposed of in the trial court as to others. *Hunter* v. *Gardenhire*, 10 Lea 87, 78 Tenn. 87; *Lang* v. *Ingalls Zinc Co.*, 99 Tenn. 476, 42 S. W. 198; Gibson's Suits in Chancery, § 1265, subsec. 1; *Peters* v. *Neely*, 16 Lea 275, 84 Tenn. 275, 280.

" 'The rule is general that a judgment is not final

which settles the case as to a part only of the defendants. 2 Am. Jur. p. 866; 80 A. L. R. 1192.' "

The Code Section 9038 must be construed in the light of another Section, 16-511, T. C. A., relating to the jurisdiction of the Circuit Court in equity cases. It reads as follows:

"Any suit of an equitable nature, brought in the circuit court, where objection has not been taken by demurrer to the jurisdiction, may be transferred to the chancery court of the county, or heard and determined by the circuit court upon the principles of a court of equity, with power to order and take all proper accounts, and otherwise to perform the functions of a chancery court."

It seems clear from the statute and notes to decisions under the foregoing Section of the Code that a discretionary appeal will lie from the Circuit Court to the Supreme Court in any suit tried as an equity cause, but not so in law cases and more especially where, as in the case at bar, the rights of all defendants are not settled by the ruling of the trial court on the demurrer.

The motion is sustained, and case remanded to the Circuit Court for further proceedings.