CITY OF MEMPHIS et al.

*v.*

CARRIE HICKS BIRKNER

(*Jackson,* April Term, 1956)

Opinion filed June 19, 1956.

WILLIAM A. SANDS, CHARLES C. CRABTREE and WINCHESTER & BEARMAN, Memphis, for plaintiffs in error.

HANOVER, HANOVER, HANOVER & WALSH, Memphis, for defendant in error.

328

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Carrie Hicks Birkner brought suit in the Circuit Court of Shelby County against the City of Memphis, the Memphis Light, Gas & Water Division and certain named individual Commissioners for damages for personal injuries resulting from the alleged negligent maintenance of a sidewalk and water meter box.

The declaration alleged that on or about the 15th day of November, 1951, while walking on the west side of Lewis Street, plaintiff caught her foot on the frame of a water meter box which the defendants had negligently and carelessly placed in the sidewalk. The declaration continues with allegations of specific acts of negligence, which are not important to a decision of the question at issue on this appeal.

To the foregoing declaration the defendants demurred on the ground (1) that the cause of action is barred by the statute of limitations of one year, T.C.A. sec. 28-304; (2) that the declaration fails to show that within 90 days after the date of the alleged injury she served notice upon the Mayor by registered letter as to the nature of her injury and the time and place where it occurred.

The trial judge granted the plaintiff leave to amend her declaration. It was accordingly amended to allege that a non-suit had been taken and that a new suit was

brought within one year thereafter. The defendants again demurred to the declaration as amended on the ground that the second suit was barred by the aforesaid statute, and that the declaration failed to allege that plaintiff had given notice of the injury as required by the statute. The opinion of the court in ruling upon the demurrer is as follows:

"The Court is of the opinion that the defendants' first and second grounds of demurrer should be overruled to the extent that they apply to the plaintiff's cause of action against the defendants for installing the water meter box so that it projected above the sidewalk and the Court is of the further opinion that the defendants' first and second grounds of demurrer should be sustained to the extent that they apply to the plaintiff's cause of action against the defendants for the negligent maintenance of the sidewalk and the water meter box."

Thus it conclusively appears that the trial court left the declaration standing as to one ground of negligence, overruled the other ground, and granted a discretionary appeal.

The plaintiff's counsel has moved the Court to dismiss the appeal on the ground that the appeal was premature, there being no right of appeal from an interlocutory order entered in a "court of law". The counsel for the defendants seek to justify their right of appeal based upon Code Section 9038, 27-305, T.C.A., and the opinion of this Court in *Parker v. Reddick*, 196 Tenn. 472, 268 S.W.2d 357, which was a tort action. The counsel rely upon *Matthews v. Archie*, 196 Tenn. 417, 268 S.W.2d 334, wherein an appeal was allowed by the trial judge from an order overruling a demurrer.

In *Parker v. Reddick, supra* [196 Tenn. 472, 268 S.W. 2d 358], the sole question at issue was the jurisdiction of the cause of action. There was a plea in abatement filed by the defendant Parker to the summons in which it was averred that the jurisdiction was in Humphreys County and not Sumner County. The plaintiff moved the trial court to strike the plea on the ground that " 'said plea sets forth no facts which if proved constitute the basis for abating the suit.' " The trial judge treated this motion as a demurrer and overruled it. The effect of this ruling by the trial judge was to sustain the plea and abate the suit. It was thus a final judgment. Whether we were right or wrong in considering it as a discretionary appeal, suffice it to say that it was considered on the theory that it was in effect an appeal from a final judgment.

The full import of our opinion in this case was that the plea in abatement was without merit, and the motion to strike should have been sustained. It was erroneous to state, as we did, that "assignments of error are overruled". The use of the word "overruled" was an inadvertent statement. It is clear from the opinion that we overruled General Parker's contention that the jurisdiction was exclusively in Humphreys County, the place of his residence.

We can understand the uncertainty which possibly prevails that we meant to construe the statute as permitting an appeal from an interlocutory order. However, our construction of this Code Section in this case and also in *Potter v. Sanderson,* 199 Tenn. 337, 286 S.W.2d 873, is to the effect that there is no right of a Circuit Court Judge to grant a discretionary appeal from an order overruling a demurrer to a declaration in a tort action.

Following a specific reference to the Section of the Code (quoting it in full) it was said in *Parker v. Reddick, supra:* "The foregoing Code Section plainly authorizes judges of the Circuit Court to grant discretionary appeals, *the same as Chancellors, in equity causes.*" (Emphasis supplied.)

In discussing the same question in *Potter v. Sanderson, supra,* it was held:

"We think the foregoing Code Section was intended to apply to discretionary appeals, granted by the judge in lower courts, to such *equity causes wherein the Circuit and Chancery Courts have concurrent jurisdiction, or in a law case where the judgment or decree 'settles the rights of the parties,* although the amount of damages or compensation has not been determined.' " (Emphasis supplied.)

See also 16-511, T.C.A., which was quoted in the opinion, *Israel v. Guy,* 188 Tenn. 485, 221 S.W.2d 525, and cases cited.

It thus appears that there is a definite limitation to the right to grant a discretionary appeal from an order overruling a demurrer in a court of law.

The case of *Matthews v. Archie* [196 Tenn. 417, 268 S.W.2d 336], *supra,* is not controlling. While Mr. Justice Gailor made a brief reference to Code Section 9038, and seems to have sustained the trial judge in granting a discretionary appeal, *it was not a tort action.* In stating the nature of the action it is said: "Our study of the declaration convinces us that the cause of action stated in the declaration was based essentially on the proposition that the *contract sued on was a conditional sales con-*

*tract.''* (Emphasis supplied.) We think the case is not in point.

For the foregoing reasons, we think the learned trial judge was in error in granting the appeal. The plaintiff's motion to dismiss is accordingly sustained.