KENNETH HART, Plaintiff in Error,

*v.*

GEORGE L. PITTS, JR., and UNITED STATES FIDELITY & GUARANTY COMPANY, Defendants in Error.

374 S. W. 2d 379

(*Nashville,* December Term, 1963.)

Opinion filed January 8, 1964.

LAWRENCE F. STEWART, Winchester, for plaintiff in error.

ROBERT W. STEVENS, Fayetteville, STEVENS & BAGLEY, Fayetteville, of counsel, for defendants in error.

Mr. Justice Holmes delivered the opinion of the Court.

This is an appeal by the plaintiff from an order sustaining the demurrer of one of the defendants in the case. Kenneth Hart brought suit against George L. Pitts, Jr., for false arrest on December 24, 1960. Later an amended declaration was filed on February 5, 1963 alleging that the defendant Pitts was at the time of the alleged false arrest the duly elected Sheriff of Lincoln County, acting in his official capacity as Sheriff by virtue of his office and under color of his office. By this amended declaration, the United States Fidelity & Guaranty Company, the surety on the Sheriff's official bond, was added as a party defendant and process was issued and served upon it. The defendant United States Fidelity & Guaranty Company filed a demurrer upon the ground that the declaration shows on its face the cause of action alleged against it is barred by the statute of limitations. This demurrer was sustained by the Acting Trial Judge, who granted the plaintiff an appeal from the order sustaining the demurrer as to the defendant United States Fidelity & Guaranty Company. The cause is still pending in the Circuit Court of Lincoln County against the original defendant Pitts. A written motion to dismiss the appeal because premature has been filed in this Court.

The matter of discretionary appeals prior to a final determination of the case in the trial court is governed by T.C.A. sec. 27-305 as amended, which is as follows:

"The chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition or other character of reference, before the account is taken or the sale or partition is made or the reference had; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others; or he may allow any party to appeal from a judgment or decree which settles the rights of the parties, although the amount of damages or compensation has not been determined."

The last amendment to this Code Section was made by Chapter 172, Public Acts of 1955. The precise question presented on the motion to dismiss this appeal as premature has been decided by this Court subsequent to the last amendment to this Code Section in *Potter v. Sanderson*, 199 Tenn. 337, 286 S.W.2d 837. In that case a tort action was brought against a deputy sheriff, the sheriff, and sureties on the sheriff's official bond. The sheriff and his sureties filed demurrers which were sustained by the trial court, leaving the case still pending against the deputy sheriff. The plaintiff perfected an appeal to this Court from the order sustaining these demurrers. In sustaining a motion to dismiss the appeal in the Potter case, this Court, after quoting T.C.A. sec. 27-305, stated:

"We think the foregoing Code Section was intended to apply to discretionary appeals, granted by the judge in lower courts, to such *equity* causes wherein the Circuit and Chancery Courts have concurrent jurisdiction, or in a law case where the judgment or decree 'settles

the rights of the parties, although the amount of damages or compensation has not been determined.'

&ast; &ast; &ast; &ast; &ast; &ast;

"It seems clear from the statute and notes to decisions under the foregoing Section of the Code that a discretionary appeal will lie from the Circuit Court to the Supreme Court in any suit tried as an equity cause, but not so in law cases and more especially where, as in the case at bar, the rights of all defendants are not settled by the ruling of the trial court on the demurrer." 199 Tenn. at 339 and 340, 286 S.W.2d at 874.

In *Isreal v. Guy,* 188 Tenn. 485, 221 S.W.2d 525, an action in tort for unliquidated damages was brought in the Circuit Court of Fayette County against the sheriff of that county, the surety on his bond, a constable of the county, and the sureties on the constable's bond. The suit was dismissed by the Trial Judge as to all defendants except the constable. The plaintiff perfected an appeal to this Court from this order. A motion to dismiss the appeal was made in this Court and was sustained.

The Court, in the Isreal case, in construing the applicable Code Section (now T.C.A. sec. 27-305), quoted as follows, from *Bruce v. Anz,* 173 Tenn. 50, 114 S.W.2d 789:

"It is, of course, well settled that an appeal as a matter of right lies only from a judgment which is final as to the party appealing. It is plain, also, that the application of Code, sec. 9038, (T.C.A. sec. 27-305) authorizing discretionary appeals from interlocutory decrees, is limited to equity cases, and cannot be invoked in an action for tort. This appears on the face of this statute, and see *Payne v. Satterfield,* 114 Tenn. 58, 84 S.W. 800.

"Moreover, not even a discretionary appeal, otherwise authorized under section 9038, lies from a judgment or decree sustaining a demurrer and dismissing as to one or more of the defendants and leaving the case undisposed of in the trial court as to others."

The provisions of this statute, T.C.A. sec. 27-305, relating to discretionary appeals from the action of the trial court *on a demurrer* appear not to have been changed since the enactment of the original statute (Acts 1835-1836 Ch. 3, sec. 17), which expressly provided for the allowance of a discretionary appeal by the circuit judge or chancellor *in equity causes* on overruling a demurrer. The most recent case relating to discretionary appeals from an order overruling a demurrer is *City of Memphis v. Birkner,* 200 Tenn. 327, 292 S.W.2d 195, in which this Court held the Trial Judge committed error in granting an appeal from an order overruling a demurrer in a tort action against the City. In that case, the Court pointed out that T.C.A. sec. 27-305 provides for discretionary appeals by circuit judges and chancellors *in equity causes*. The Court there further pointed out that, under T.C.A. sec. 16-511, where the jurisdiction of the circuit court in an equity case is not questioned by demurrer, such case may be determined by the circuit court upon the principles of a court of equity.

◼ The statement by Mr. Justice Gailor in *Matthews v. Archie,* 196 Tenn. 417, 268 S.W.2d 334, that Chapter 154, Public Acts of 1953, extended the right of a circuit judge to grant an appeal from decrees overruling demurrers, was an inadvertence. An examination of that statute shows that it did not in any way relate to discretionary appeals from orders on demurrers. Insofar as

the holding of the Court in *Matthews v. Archie,* supra, construes the statute, now T.C.A. sec. 27-305, as authorizing a discretionary appeal from an order overruling a demurrer in a law case, that case is expressly overruled. It is only in equity causes that such a discretionary appeal is allowed.

█ It results that the appeal in the case at bar is premature, the motion to dismiss the appeal is sustained, and the cause is remanded.