Phillip R. Saunders, Plaintiff in Error,

*v.*

Metropolitan Government of Nashville and Davidson County, Tennessee, and Griffith L. Lilley, Defendants in Error.

383 S. W. 2d 28.

(*Nashville,* December Term, 1963.)

Opinion filed October 9, 1964.

M. S. Ross, Nashville, for plaintiff in error.

JAMES TYRE HAVRON, Nashville, for defendants in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

This is an appeal in error from the action of the trial court in sustaining a demurrer filed by the defendant, Metropolitan Government of Nashville and Davidson County, and dismissing plaintiff's case insofar as it affects this defendant.

The declaration charges that Griffith L. Lilley, while in the course and scope of his employment and while carrying out his duties as a Sergeant in the Detective Department of the defendant, Metropolitan Government of

Nashville and Davidson County, was driving an automobile belonging to said Government on the business and purposes of his employer.

It is charged that he drove said automobile in a reckless, careless, negligent, willful and unlawful manner in the wrong direction on a one-way street in the City of Nashville and drove the same against the automobile driven by the plaintiff with great force and violence so as to inflict upon the plaintiff serious and permanent injuries to his person, and caused him to suffer great physical pain and mental anguish in connection therewith.

It is charged, also, that he was caused to incur expenses for proper medical and surgical treatment, drugs, medical supplies, nurse hire, etc., all as a direct and proximate result of the negligence of the defendant Lilley while on the business and purposes of his co-defendant, for all of which injuries, damages and suffering the plaintiff sued the defendants for $15,000.00 damages and laid his cause in a declaration containing two counts. One is based on common law liability and the other is based upon the alleged violations of certain ordinances governing the flow of traffic in said city.

The demurrer filed by the Metropolitan Government of Nashville and Davidson County, as amended, is divided into three grounds, the first being that the providing of police protection is a governmental function for which the defendant cannot be held liable for the acts alleged in the declaration; (2) the declaration affirmatively discloses this to be a suit to recover damages for alleged negligence of the defendant in the exercise of governmental function; and (3) a police officer is not an agent or servant of the defendant so as to render this defendant responsible or liable for a police officer's negligent or illegal acts.

The only assignment here is that the trial judge erred in sustaining the aforesaid demurrer and dismissing the plaintiff's case insofar as it related to the demurrant.

The established procedural law of this State requires us to remand this case for the reasons appearing herein. The matter raised. should be decided, but we are without authority to do so now because "[i]t is a well-settled rule, save where change by statute, that questions arising in the course of legal proceedings cannot be reviewed in an appellate court until a final decision in the cause has been rendered below." *Payne v. Satterfield,* 114 Tenn. 58, 84 S.W. 800 (1904), and other cases there cited.

T.C.A. sec. 27-305 provides that the chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes.

In *Bruce v. Anz,* 173 Tenn. 50, 114 S.W. 2d 789 (1938), it was said that Section 27-305, which was then codified as Section 9038, authorizing discretionary appeals from interlocutory decrees "is limited to equity cases, and cannot be invoked in an action for tort."

"Moreover, not even a discretionary appeal otherwise authorized under section 9038 (now 27-305), lies from a judgment or decree sustaining a demurrer and dismissing as to one or more of the defendants and leaving the case undisposed of in the trial court as to others." *Bruce v. Anz,* supra, at 52, 114 S.W.2d at 790, and other cases there cited.

In the case of *Isreal v. Guy et al.,* 188 Tenn. 485, 221 S.W.2d 525 (1949), the question here under consideration was again presented to the Court and the facts in that

case were that an action in tort for personal injuries and damages was commenced by Isreal against Guy, the Sheriff of Fayette County, the surety on his bond, Alvin Bobbitt, a constable of the County, and the personal sureties on his bond. The defendants filed pleas to the declaration and on motion the judge dismissed the case as to all defendants except Bobbitt, and as to him the case was continued pending an appeal to this Court by the plaintiff.

In this Court a motion was made by the defendants who won in the trial court to dismiss the appeal on the grounds that the appeal was from an interlocutory order and, therefore, premature.

We sustained the motion under the authority of a long line of cases, including *Bruce v. Anz,* supra, and *Payne v. Satterfield,* supra. The rule is general that a judgment is not final which settles the case as to a part only of the defendants. 2 Am. Jur., page 866, 80 A.L.R. 1192.

The general statement that an appeal from an order sustaining a motion, whether by demurrer or otherwise, to dismiss some defendants in an action by the plaintiff for personal injuries is premature and will be dismissed finds support in *Gavin v. Shelby County et al.,* 172 Tenn. 696, 113 S.W.2d 1195 (1938) ; *Bruce v. Anz,* supra; *Isreal v. Guy et al.,* supra; *Patey v. Patey,* 196 Tenn. 245, 265 S.W.2d 551 (1954) ; *Wattenbarger v. Tullock et al.,* 197 Tenn. 279, 286, 271 S.W.2d 628 (1954).

In the case of *Potter et al. v. Sanderson et al.,* 199 Tenn. 337, 286 S.W.2d 873 (1956), the Court passed upon the question again and reviewed all authorities in an opinion by Mr. Chief Justice Neil. The question involved in that

case was the right of the plaintiffs to recover damages for injuries resulting from the operation of an automobile by a deputy sheriff by the name of Gupton, and the Sheriff, Sanderson, and other codefendants who were sureties on the Sheriff's official bond. Demurrers filed by the Sheriff and his sureties were sustained by the trial court from which an appeal was prayed and granted to this Court. The case remained pending in the Circuit Court as against Gupton.

In this Court the motion to dismiss the appeal was sustained on the ground of prematurity. The plaintiffs in error insisted that they had a right to appeal under T.C.A. sec. 27-305. The Court said:

"We think the foregoing Code Section was intended to apply to discretionary appeals, granted by the judge in lower courts, to such *equity* causes wherein the Circuit and Chancery Courts have concurrent jurisdiction, or in a law case where the judgment or decree 'settles the rights of the parties, although the amount of damages or compensation has not been determined.'" 199 Tenn. at 339, 286 S.W.2d at 874.

The Court held it seemed clear that a discretionary appeal would not lie from the Circuit Court in a law case where the rights of all defendants were not settled by the ruling of the trial court on the demurrer.

To the same effect are the cases of *City of Memphis v. Birkner,* 200 Tenn. 327, 292 S.W.2d 195 (1956); *Murphey v. Brewer,* 201 Tenn. 118, 296 S.W.2d 884 (1956); *Williams v. McMinn County,* 207 Tenn. 585, 341 S.W.2d 730 (1960).

There are two very recent cases to the same effect, that of *Knox County v. Burroughs,* 212 Tenn. 322, 369 S.W.2d

734 (1963), and *Hart v. Pitts et al.,* decided January 8, 1964, and reported in 213 Tenn. 412, 374 S.W.2d 379. *Hart v. Pitts et al.* involved an appeal by the plaintiff from an order sustaining a demurrer of one of the defendants in the case, with the case remaining in the Circuit Court with reference to the defendant Pitts.

This Court dismissed the appeal of the plaintiff as being premature.

The briefs state that ''Sergeant Lilley's personal liability is not before the Court.'' This shows quite clearly that the whole case was not disposed of in the lower court and that the case remains pending against Sergeant Lilley. This is the exact reason why the Court does not have authority to pass upon the question raised by the demurrer.

██ Therefore, we hold that the judgment sustaining the demurrer is not a final adjudication of the whole case and therefore, not appealable. A judgment is final from which an appeal lies as a matter of right when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court. *Younger v. Younger,* 90 Tenn. 25, 16 S.W. 78 (1891), and other cases there cited.

██ It is axiomatic that there can be no appeal from any other than final judgments, or judgments settling rights, except in those cases where an appeal is expressly given. See *Barton v. Turley,* 79 Tenn. 600.

For the reasons herein set out, this case is remanded for further proceedings and when a final judgment is entered in the trial court determinative of the whole case, then the parties, as a matter of right, will have their

remedy of appeal if, at that time, there exist any matters in controversy.

In passing we say that upon the trial of the case as to Lilley, the jury might exonerate him from liability and if so, this would put an end to this lawsuit and there would, in all probability, be no ground for an appeal.

Without passing upon the sufficiency, efficacy or correctness of the action of the trial court in sustaining the demurrer, this case is remanded for further proceedings consistent with this opinion.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.