D. E. (GENE) HOLT, Appellant,

*v.*

J. W. (BILL) REEDER, Appellee.

398 S.W.2d 72.

(*Nashville*, December Term, 1965.)

Opinion filed January 5, 1966.

MILLARD V. OAKLEY, Livingston, for appellant.

ROBERTS & ROBERTS, Livingston, JOHN E. APPMAN, Jamestown, for appellee.

Mr. Justice Creson delivered the opinion of the Court.

This suit was begun by the filing of a summons and petition on August 25, 1964. The appellee, petitioner-contestant below, sought to contest appellant's election to the Office of Tax Assessor of Fentress County. This suit was filed in the County Court for Fentress County, Tennessee. On December 1, 1964, the County Judge, H. B. Duncan, declared himself incompetent to hear the case and transferred the case to the Circuit Court of Fentress County. This was done in accord with T.C.A. sec. 17-220.

On January 12, 1965, the appellant filed, in the Circuit Court of Fentress County, Tennessee, a motion to remand the case to the County Court of Fentress County, Tennessee. On April 16, 1965, the appellant filed a demurrer in the Circuit Court of Fentress County, Tennessee.

On April 22, 1965, the case was heard before the Honorable Roland Prince, Judge of Law and Equity Court of Anderson County, Tennessee, sitting by designation of the Chief Justice of the Supreme Court of Tennessee, upon the petition of the appellee and the demurrer of the appellant. At this hearing, the demurrer of the appellant

was overruled and, upon appellant's motion, he was granted a discretionary appeal to the Supreme Court of Tennessee. This case is before us as a result of the granting of this discretionary appeal.

It seems improper to consider the correctness of the Trial Judge's action in overruling appellant's demurrer, as this case is not properly before this tribunal.

 T.C.A. sec. 17-220, which allows a County Judge who is incompetent to try any cause in his Court to have any one of the Circuit Judges or Chancellors from that County to sit in his place, provides that the same shall be done "according to law". Cases transferred from the County Court to the Circuit Court are to be tried by the Circuit Judge, as any other case at law. An election contest is a lawsuit, and is to be tried according to the forms of law. See *Throgmorton v. Copeland* (1949), 188 Tenn. 248, 218 S.W.2d 994. T.C.A. sec. 27-305, which allows discretionary appeals prior to final decrees, applies only to equity causes and this clearly is not such.

In *Hart v. Pitts* (1964), 213 Tenn. 412, 374 S.W.2d 379, this Court construed the discretionary appeal statute in unambiguous terms:

"(1) The statement by Mr. Justice Gailor in *Matthews v. Archie,* 196 Tenn. 417, 268 S.W.2d 334, that Chapter 154, Public Acts of 1953, extended the right of a circuit judge to grant an appeal from decrees overruling demurrers, was an inadvertance. An examination of that statute shows that it did not in any way relate to discretionary appeals from orders on demurrers. Insofar as the holding the Court in *Matthews v. Archie,* supra, construes the statute, now T.C.A. sec. 27-305, as authorizing a discretionary ap-

peal from an order overruling a demurrer in a law case, that case is expressly overruled. It is only in equity causes that such a discretionary appeal is allowed.''

It necessarily follows that this appeal was improvidently granted and confers no jurisdiction on this Court to hear the case beyond this determination. This appeal will be dismissed at cost of appellant and the cause remanded to the Circuit Court of Fentress County.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHAT-TIN, JUSTICES, concur.