**Richard L. CATES, Appellant-Plaintiff,**

**v.**

**T.I.M.E., DC, INC., and Liberty Mutual Insurance Company, Defendants-Appellees.**

Supreme Court of Tennessee.

Aug. 19, 1974.

C. Allen High, Oliver B. Dickins, Jr., Nashville, for appellant-plaintiff.

Ward DeWitt, Jr., John W. Wade, Jr., Trabue, Minick, Sturdivant & Harbison, Nashville, for appellees-defendants.

## OPINION

DYER, Chief Justice.

This is a workmen's compensation case heard by this Court following the grant of a discretionary appeal by the chancellor. This appeal, therefore, is limited to the chancellor's order dismissing that part of the appellant's complaint which sought compensation based on the rate established by legislative action in 1971 rather than the rate existing at the time of appellant's injury in 1969.

The appeal in this cause was granted pursuant to T.C.A. § 27–305, which allows "any party to appeal from a judgment or decree which settles the rights of the parties, although the amount of damages or compensation has not been determined." Inasmuch as the chancellor's order concluded all respects of this cause (the right to compensation being undisputed), except the amount of compensation, which will be determined by the extent of the employee's disability, under the terms of the above-quoted section, the cause can be heard in this manner. Potter v. Sanderson, 199 Tenn. 337, 286 S.W.2d 873 (1956).

The appellant has assigned as error the chancellor's holding that the applicable compensation rate was the rate in effect in 1969, the date of the injury, rather than the rate in effect at the time this action was filed, the rate schedule having been changed by an amendment to T.C.A. § 50–1007, enacted in 1971. It is the position of the appellant that when the Legislature amended T.C.A. § 50–1007 (which sets out the schedule of compensation to be allowed employees), by inserting "$55.00" instead of "$47.00" as the maximum weekly rate allowable, the Legislature changed the amounts to be awarded employees already receiving compensation as well as those to be awarded initial benefits subsequent to the effective date of the statute. The appellees' position, sustained by the chancellor, is that the Legislature changed the rate only for employees who became initially entitled to a compensation award after the 1971 effective date.

The parties have addressed themselves to three major subject areas of dispute: (1) whether the Legislature made such a change as the appellant argues; (2) whether interpretations of statutes in other jurisdictions are in accord with either proposed interpretation and whether such interpretations are of significant value in interpreting the Tennessee statute; and (3) whether the Legislature could constitutionally make the change as is argued to have been made in the appellant's brief.

The starting point of statutory interpretation must, of course, be the statute itself and in this case the statutory terms are straightforward and the 1971 changes quite limited. T.C.A. § 50–1007, as amended in 1971, stated in part:

The following is the schedule of compensation to be allowed employees . . . (a) Temporary Total Disability. For injury producing temporary total disability, sixty-five percent (65%) of the average weekly wages as defined in this chapter, subject to a maximum of fifty-five dollars ($55.00) per week . . . . .

Prior to the 1971 amendment, the term "$47.00" was in the statute rather than "$55.00" as above, and elsewhere in the statute. The amendment, therefore, did not change the payment level itself, that level remaining 65% of average weekly wages, but merely increased the range of allowable awards from $47.00 to $55.00. Many employees are, of course, entitled to the maximum amount per week, as is apparently the appellant.

In determining whether this change was meant to govern compensation beneficiaries of awards made before 1971, this Court, first, takes note that the Legislature's language is hardly such language as would put the public on notice of such a broad change as the appellant suggests. Statutory benefit increases for persons injured subsequent to the effective date of the increase have been made periodically by the General Assembly. Increases relating back to pre-existing awards would be quite unusual. Manifestly, it would strain this Court's interpretative role to determine that a particular mode of amendment commonly used to set future awards has been adopted in this case to change pre-existing awards. Such a change would, it is anticipated, be accompanied by a somewhat more distinct legislative directive.

Likewise, in a related manner, this Court is aware of the general principle that in the absence of contrary legislative intent, statutes are presumed to operate prospectively and not retroactively. Indeed, this principle has been cited in considering earlier amendments to this statute. Franklin v. Travelers Insurance Co., 155 F.Supp. 746 (E.D.Tenn.1957); Mitchell v. United States Fidelity and Guaranty Co., 206 F.Supp. 489 (E.D.Tenn.1962). The appellant suggests that increased future benefits for previous beneficiaries would not be retroactivity. Without determining the precise applicability of the term, it is evident that the terms of the 1971 amendment, being mere word substitutions, fail to evidence a legislative intent to make the increased rate relate back to earlier beneficiaries.

In addition to reasons set out above for the Court's determination of the scope of the 1971 amendment, there are two other sections of the Workmen's Compensation Statute which may be inconsistent with an interpretation such as the appellant suggests. First, periodic statutory modifications might reopen settlements made final by T.C.A. § 50–1024 and § 50–1025, and would implicitly require the creation of a new method of modification of awards in addition to those allowed in T.C.A. § 50–1025. Secondly, the rate in T.C.A. § 50–1007(a) is 65% of "the average weekly wages as defined in this chapter," such wages being defined in T.C.A. § 50–902 as "the earnings of the injured employee in the employment in which he was working at the time of the injury." Statutory reference to the time of the injury as determining the applicable rate and, implicitly, its maximum range, appears inconsistent with the interpretation proposed by appellant. Because it is the opinion of this Court that the amendment did not affect pre-1971 injuries, it is, however, unnecessary for this discussion to thoroughly consider the interrelationships of existing statutory sections and the construction suggested by appellant.

This Court has carefully considered the extensive brief of the appellant arguing that the Legislature intended coverage of pre-1971 injuries by the 1971 amendment. In the references to inflation and the needs of disabled workmen, the appellant's brief presents strong arguments, but arguments perhaps more suitable for the legislative than the judicial branch. Without determining the weight to be given such statements, the conclusion is inescapable that the quotations from the members of the General Assembly are, at best, ambiguous and equivocal on the precise issue before the Court. In sum, none of the appellant's external guides to legislative intent are sufficient to override the construction of the statute's language set out above.

Each party has cited cases from other jurisdictions in support of his interpretation. Each party appears, however, to ac-

knowledge the limited value of such authority in view of the variety of workmen's compensation statutes among jurisdictions. This Court has surveyed the authority presented by each party and has given it careful consideration. For the reasons set out above, however, it is this Court's opinion that the Legislature did not extend the coverage of the 1971 amendment to pre-1971 injuries and references to other jurisdictions have little value on this precise issue.

Finally, the parties have briefed the issue of the constitutionality of an amendment relating back to beneficiaries injured prior to the effective date of the amendment. Attention has been focused primarily, but not exclusively, on the possible impairment of obligations of contracts in violation of the federal and state constitutions. For the reasons discussed above, it is not necessary to reach this question.

The decision of the chancellor is affirmed and the cause remanded.

CHATTIN, McCANLESS, and FONES, JJ., and LEECH, Special Justice, concur.