# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER SESSION, 1998

FILED

October 16, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

HANSON L. DAVIS,        )
                                 )
        Appellant       )    No. 02C01-9804-CC-00104
                                 )
vs.                    )    MADISON COUNTY
                                 )
STATE OF TENNESSEE,   )    Hon. Franklin Murchison, Judge
                                 )
        Appellee       )    (Writ of Error Coram Nobis)

For the Appellant:

Hanson L. Davis, #126095, *Pro Se*
Cold Creek Correctional
Box 1000
Henning, TN 38041

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Georgia Blythe Felner
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

James G. (Jerry) Woodall
District Attorney General

Al Earls
Asst. District Attorney General
P. O. Box 2825
Jackson, TN 38302

OPINION FILED: _____

APPEAL DISMISSED

**David G. Hayes**
Judge

## ORDER

The appellant, Hanson L. Davis, proceeding *pro se,* appeals from the voluntary dismissal of his petition for *writ of error coram nobis* in the Madison County Circuit Court. Finding that this cause is not properly before this court, the appellant's appeal is dismissed.

## Procedural Background

The present action stems from the appellant's 1989 convictions for aggravated rape, aggravated kidnapping, and assault. The convictions were affirmed on direct appeal to this court. See State v. Davis, No. 7 (Tenn. Crim. App. at Jackson, Jan. 3, 1990). In November 1990, the appellant filed his first petition for post-conviction relief alleging ineffective assistance of counsel. The trial court's subsequent dismissal of this petition was affirmed on appeal by this court. See Davis v. State, No. 02C01-9104-CC-00064 (Tenn. Crim. App. at Jackson, Apr. 8, 1992), perm. to appeal denied, (Tenn. June 22,1992), reh'g denied, (Tenn. 1995). A second post-conviction petition was filed on November 16, 1994. This petition was summarily dismissed by the trial court on November 29, 1994. Again, this court affirmed the trial court's dismissal of the appellant's petition. Davis v. State, No. 02C01-9605-CC-00144 (Tenn. Crim. App. at Jackson, Mar. 11, 1997), perm. to appeal denied, (Tenn. Jul. 21, 1997).

On March 17, 1997, the appellant filed a petition for *writ of error coram nobis* alleging newly discovered evidence in the form of the victim's recantation of her previous statements and testimony. On March 2, 1998, the trial court granted the

2

appellant's oral motion to withdraw his petition. The appellant now appeals from this withdrawal.[1]

**Analysis**

The law is well-established that a defendant may not appeal from a voluntary withdrawal of his petition. See Finney v. State, No. 01C01-9610-CR-00417 (Tenn. Crim. App. at Nashville, Sept. 30, 1997). An appeal as of right by a criminal defendant only lies from a final judgment entered by the trial court. Tenn. R. App. P. 3(b). A judgment is final "when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court." Richardson v. Tennessee Brd. of Denistry. 913 S.W.2d 446, 460 (Tenn. 1995); Saunders v. Metropolitan Gov't of Nashville & Davidson County, 383 S.W.2d 28, 31 (Tenn. 1964). In other words, a judgment is final if it decides the controversy between the parties on the merits and fixes their rights so that, if the judgment is affirmed, nothing remains for the trial court to do but to proceed with its execution. See State v. Arms, No. 01C01-9511-CC-00374 (Tenn. Crim. App. at Nashville, Sept. 5, 1996). In the present case, there is no adjudication on the merits of the appellant's petition for *writ of error coram nobis* as the trial court merely granted the appellant's oral motion to voluntarily withdraw the same. Accordingly, this court is without the authority to resolve the petition on its merits. See Tenn. R. App. P. 36(a) ("relief may not be granted in contravention of the province of the trier of fact"). Additionally, appellate relief need not be granted to a party who fails to take whatever action is reasonably available to prevent or nullify the harmful effect of error. Tenn. R. App. P. 36(a). Accordingly, the appellant's failure to present the

---

[1]We note that, in his brief, the appellant's challenges are based upon alleged ethical violations committed by the prosecutor and defense counsel's obligation to protect the appellant from the prosecutor's improper conduct. These issues are not cognizable in a *writ of error coram nobis*, see Tenn. Code Ann.40-26-105(1997), and are contrary to the claim raised in the appellant's petition.

issue to the trial court, by voluntarily removing his petition, denies him appellate review. Id.

For the foregoing reasons, this appeal is dismissed. It appearing that the appellant is indigent, the costs of this appeal will be paid by the State of Tennessee.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
L. T. LAFFERTY, Senior Judge

4