IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 21, 2007 Session


JOHN WAYNE WEBB v. BRANDON O. CANADA & DOUGLAS P.
TOWNSEND


Direct Appeal from the Circuit Court for Knox County
No. 2-740-04      Hon. Harold Wimberly, Circuit Judge


No. E2006-01701-COA-R3-CV  - FILED MAY 25, 2007


CONCURRING OPINION


The majority holds that the Judgment denominated "Final Judgment" reducing the previous Judgment from $723,426.27 to $598,426.27 was a "juristic act" of acceptance of the remittitur under protest. I do not agree.

"A judgment is final from which an appeal lies as a matter of right when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court." *Saunders v. Metro. Gov't of Nashville & Davidson County*, 383 S.W.2d 28, 31 (Tenn. 1964), *quoted in Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995).

While the Circuit Court's order is styled a "Final Judgment," it is at most a provisional order because it did not, as such, deny Canada's Motion for New Trial. Because the Record before the Court contains no order denying Canada's Motion for a New Trial, I would hold the appeal is premature.

However, since the majority has found that the "Final Judgment" as entered constituted a "juristic act" accepting the remittitur under protest, the majority's decision becomes the law of the case unless overturned, and the plaintiff cannot later claim that his Motion for a New Trial is still viable.

The statute and cases prescribe the procedure for dealing with suggestions of remittitur which the plaintiff failed to follow in this case. However, for the stated reason, I concur

with the result of the majority's Opinion on this issue.  I concur with the majority on the other issues.

_____
HERSCHEL PICKENS FRANKS, P.J.