# IN THE COURT OF APPEALS OF TENNESSEE

## WESTERN SECTION AT JACKSON

**FILED**

**Jan. 17, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

| | |
|---|---|
| ELVIN L. BLANKENSHIP and wife, | ) Henderson County Chancery |
| MARY BLANKENSHIP, and WAYNE | ) Court No. 8635 |
| BLANKENSHIP, | ) |
| | ) |
| Plaintiffs-Counter- | ) |
| Defendants/Appellees, | ) |
| | ) |
| v. | ) C/A NO.  02A01-9603-CH-00051 |
| | ) |
| ALVIS BLANKENSHIP and wife, | ) |
| DOROTHY BLANKENSHIP, and | ) |
| CHARLES GOODMAN and wife, | ) |
| KATHY GOODMAN, | ) |
| | ) |
| Defendants-Counter- | ) |
| Plaintiffs/Appellants. | ) |

_____

From the Chancery Court of Henderson County at Lexington,
**Honorable Joe C. Morris, Judge**

**Michael L. Weinman**
TATUM & TATUM, Henderson, Tennessee
Attorney for Appellants

**Daniel J. Perky**
Lexington, Tennessee
Attorney for Appellees

OPINION FILED:

**VACATED AND REMANDED**

**FRANKS, J.**

**CRAWFORD, P.J. (W.S.):** (Concurs)
**FARMER, J.:** (Concurs)


In this boundary line dispute the Trial Court appointed a surveyor who established a boundary line between the parties which was adopted by the Trial Judge in the Decree in this case. Defendants have appealed, asserting the Trial Court erred in limiting their proof and in adopting the boundary established by the surveyor.

At trial, the plaintiffs' and defendants' surveyors testified, and two brothers of the parties. At a point not reflected in the record, the Court held a conference with the attorneys in chambers, and announced that a special master would be appointed to conduct a survey and report back to the court.

The Court appointed surveyor as special master reported to the Court, whereupon the Court and both parties examined the surveyor. Before appellant's attorney had concluded his examination, the Court ruled that the master's report would be adopted in full.

Trial Courts are given wide discretion in the conduct of the trial. *Bradford v. City of Clarksville,* 885 S.W.2d 78 (Tenn.App. 1994). Testimony which is repetitive or cumulative may be excluded. *Cordell v. Ward School Bus Mfg., Inc.,* 597 S.W.2d 323 (Tenn.App. 1980). A Court may, in the interests of preventing undue delay, place reasonable limits

on the amount of time each side may use to present its case or the number of witnesses who may testify. *Conlee v. Taylor*, 285 S.W. 35, 153 Tenn. 507 (Tenn. 1926). *But see McKnight v. General Motors Corp.*, 908 F.2d 104, 115 (7th Cir. 1990), *cert. denied* 499 U.S. 919, 111 S.Ct. 1306, 113 L.Ed.2d 241 (?to impose arbitrary limitations, enforce them inflexibly, and by these means turn a federal trial into a relay race is to sacrifice too much of one good - accuracy of factual determination - to obtain another - minimization of the time and expense of litigation.?)

While limitations may be properly made on the presentation of evidence, a party should be allowed ?full opportunity to introduce all evidence competent and relevant to support the case alleged by him? 88 C.J.S. Trial §55(b)(1955); *Houston v. Houston*, 1985 WL 4121 (Tenn. App. 1985); *McCarter v. McCarter*, 1996 WL 625798 (Tenn. App. 1996). The due process right to a full hearing before a court includes the right to introduce evidence and have judicial findings based upon such evidence. *Baltimore & O.R. Co. v. United States*, 298 U.S. 349, 368, 56 S.Ct. 797, 807, 80 L.Ed. 1209 (1936); *also see Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)(minimal due process requires that litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner).

Here, the Court *sua sponte* appointed a special master before the parties had rested their cases. When announcing that a special master would be appointed, the Court stated that when the independent surveyor determined a boundary, ?[t]hat's going to be where the line is . . . [a]nd

that's - - that's the way it's going to have to be, because I can't make heads nor tails out of this.?

Subsequently, the special master testified and the Plaintiff-Appellee accepted the survey and agreed with the special master's determination. The Defendant-Appellant stated:

> we feel the survey done by Mr. Billingsley is not what the Court had anticipated being done, that it was not valid, and we'd ask that the Court order some further - - further action on this case, as in a further evidentiary hearing.
>
> We did not - - we were not allowed to put on all our evidence at the prior hearing. The Court had heard I believe two surveyors and part of one witness when the Court said, ?Well, this is what I want to do.? We still have other - - We still had at that point four or five witnesses to testify. We have other witnesses who - - Not all the witnesses could be here today because this was not intended to be an evidentiary hearing, it was my understanding.

During appellant's questioning of the master, the judge interrupted:

> Court: I'm not going to let you argue with him . . . [h]e's an independent witness. If it had been against these Blankenships, the survey was good, if the shoe was on the other foot, Mr. Weinman. That's why you have to have an independent surveyor. And if I ignored Mr. Billingsley, who I do not know, I'd have to get another one and we'd have to cross this same stream every time until it satisfied all parties, and it can't be done.
>
> Mr. Weinman: Well Your Honor, just for the record, I'd like to say there's other evidence which we feel would be pertinent to your making - -
>
> Court: I know there is, and I have no doubt about it. But I called Mr. Billingsley in to set the property lines and now that's what he did. And if he's wrong, he's just wrong and you have a right to appeal it. But I'm going to mark this report as an exhibit and that's that.
>
> . . .

> Mr. Weinman: Well, your Honor, I want to make a record. I object to this being the resolution of the case, just for the record.

A trial court is entitled to adopt a special master's report in full. T.R.C.P. 53.04(2)[1]. However, it was incumbent upon the Court to also hear the evidence presented and make its own assessment based upon that evidence. *Lakes Property Owners Assoc. Inc. v. Tollison*, 1994 WL 534480, *2-3 (Tenn. App. 1994)(?The court cannot abdicate to the master its responsibility to make a decision on the issue in question. It must do more than 'rubber stamp' what the master has done. Should it decide to confirm the master's report, it must be satisfied, after exercising its independent judgment, that the master is correct in the decision he has made.?).

The Court made no determination that hearing further evidence would be duplicative or cumulative, and it had not pre-set any limits on time or the number of witnesses that could be presented. The record shows the Court simply decided to hand complete responsibility for fact finding to the special master. When the role of the master is to deal with cases that are unusually complicated, the Court is not justified in refusing to hear and consider both parties' relevant, competent evidence on the issue. *Conlee* at 510-511.

Generally, the Appellant is required to make an offer of proof when the excluded evidence consists of oral testimony. *State v. Goad*, 707 S.W.2d 846, 853 (Tenn. 1986). However, the procedure employed by the Trial Court was

---

[1]  The Rule provides that in non-jury actions, ?[t]he court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.?  T.R.C.P. 53.04(2).

irregular, and appellant did object to not being allowed to offer evidence. The failure to offer proof does not necessarily waive the issue where the court's refusal to allow further evidence may affect the fairness of the judicial proceeding. *See First National Bank & Trust Co. V. Hollingsworth*, 931 F.2d 1295, 1305 (8th Cir. 1991); *also see Baldwin v. Baldwin*, 1996 WL 87448 (Tenn. App. 1996).

We recognize that boundary disputes can be vexatious and difficult of determination. However, the court should consider all relevant evidence offered by the parties prior to making a determination to employ an expert as a special master. After all the evidence is presented and the court determines that a surveyor is necessary to establish the boundary, it is meet and proper for the court to select a surveyor with instructions from the court, and proceed in accordance with T.R.C.P. 53.04(2).

We conclude that under the circumstances, it is appropriate to vacate the Trial Court's judgment and the Court is directed to permit the parties to offer further evidence on the issue of the location of the boundary, before making a final determination.

The order of the Trial Court is vacated, and the cause remanded with cost of the appeal assessed one-half to each party.

_____
Herschel P. Franks, J.

6

CONCUR:

_____
William F. Crawford, P.J. (WS.)


_____
David R. Farmer, J.