**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**DECEMBER SESSION, 1996**

FILED

April 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 03C01-9511-CC-00347** |
| Appellant, | ) | |
| | ) | **SULLIVAN COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. FRANK SLAUGHTER, JUDGE** |
| **ROBERT EDWARD BOLING,** | ) | |
| | ) | **(HABITUAL MOTOR OFFENDER)** |
| Appellee. | ) | |

ON APPEAL FROM THE JUDGMENT OF THE
CIRCUIT COURT OF SULLIVAN COUNTY

FOR THE APPELLEE:

**STEPHEN M. WALLACE**
District Public Defender
Second Judicial District
P.O. Box 839
Blountville, TN 37617

FOR THE APPELLANT:

**CHARLES BURSON**
Attorney General & Reporter

**EUGENE J. HONEA**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**H. GREELEY WELLS, JR.**
District Attorney General

**ROBERT H. MONTGOMERY, JR.**
Assistant District Attorney General
Second Judicial District
P.O. Box 526
Blountville, TN 37617-0526

OPINION FILED _____

MODIFIED AND REMANDED IN PART; DISMISSED IN PART

THOMAS T. WOODALL, JUDGE

# OPINION

Pursuant to Rule 3(c)(1) of the Tennessee Rules of Appellate Procedure, the State has appealed an order of the Criminal Court of Sullivan County. The trial court ruled that a previous order of that court finding the Defendant was an habitual motor vehicle offender was not a "final judgment" when the Defendant allegedly committed two violations of the Habitual Motor Vehicle Offender Act in November 1994. We modify the order of the trial court and remand this case for entry of a proper judgment in the habitual motor vehicle offender case and dismiss the charges against Defendant for violations of the Habitual Motor Vehicle Offender Act.

There is no transcript of the evidence in these proceedings, but the parties did enter into a Stipulation of Facts which is a part of the record on appeal. From our review of the Stipulation of Facts and other documents, the following facts are found in the record.

On March 15, 1994, the office of the District Attorney General for Sullivan County filed a petition in the Criminal Court of Sullivan County requesting that the Defendant be declared an habitual motor vehicle offender. This case had a docket number of S35,683 in the Criminal Court of Sullivan County. A document designated as a "summons," but which in substance is worded more as a show cause order, was issued by the deputy court clerk on March 17, 1994 and listed the address for the Defendant as:

121 Clark Street
Kingsport, TN 37660
(Sull Co Jail After 3/8/94)

The "summons" reflects that Defendant was served by personal service at the Sullivan County Jail by a deputy sheriff on March 18, 1994. It gave Defendant notice to appear in the Criminal Court of Sullivan County on June 17, 1994 at 9:00 a.m. and to show cause why he should not be banned from operating a motor vehicle "according to the Petition which is herewith served upon you." Furthermore, it stated that if the Defendant failed to appear as ordered, judgment by default would be rendered against him for the relief demanded in the petition. The petition was not made a part of the record on appeal.

On June 17, 1994, the Defendant did not appear and no attorney made any appearance or otherwise made any defense on behalf of the Defendant. On the court date, the Defendant was no longer incarcerated at the Sullivan County Jail, but had been transferred to the Brushy Mountain State Prison in Morgan County. At this hearing on June 17, 1994, the State moved for a judgment by default against the Defendant, and this motion was granted by the trial court.

On June 24, 1994, a default judgment was prepared by the office of the District Attorney General and was forwarded to the trial court judge with a certificate of service signed by an Assistant District Attorney General that a copy of the judgment had been sent to the Defendant "at his last known address." The

default judgment states on its face, below the signature for the certificate of service as follows: "Mr. Robert E. Boling [Defendant], 121 Clark Street, Kingsport, Tennessee 37660." On June 24, 1994, the Defendant was still incarcerated in the Brushy Mountain Prison in Morgan County.

The 121 Clark Street, Kingsport, Tennessee address was the address which had been provided by the Defendant to the Tennessee Department of Safety when the Defendant obtained his Tennessee driver's permit. The default judgment was signed by the trial court on June 30, 1994 and filed in the clerk's office on the same date.

On June 30, 1995 [sic] a "Return of Service of Default Judgment," prepared by the office of the District Attorney General was also filed with the trial court clerk. This document is not filed in the record. The "Return of Service of Default Judgment" was signed July 20, 1994 [sic] by Deputy Sheriff Mark Ducker and contained thereon handwritten markings that the Defendant 'Doesn't live at address.'" Additional handwritten markings near the Defendant's address were "ex-wife's house," "don't live here," "check 3340 Adline," "Grandmother's Home," and "Bloomingdale Pike area."

It is not clear from the Stipulation of Facts whether or not the address listed on the "Return of Service of Default Judgment" prepared by the District Attorney was the 121 Clark Street, Kingsport, Tennessee address.

The envelope sent to the Defendant at 121 Clark Street, Kingsport, Tennessee 37660, containing the copy of the default judgment as per the

-4-

certificate of service, was not returned as undelivered by the Postal Service to the office of the District Attorney General. The Defendant maintained that he never personally received a copy of the default judgment prior to his arrest on November 25, 1994 for operating a motor vehicle in violation of the habitual motor vehicle offender order.

On January 23, 1995, the grand jury of Sullivan County returned an indictment charging the Defendant with Violation of the Habitual Motor Vehicle Offender Act, alleging that an offense was committed by the Defendant on November 6, 1994. This indictment bears the docket number S37,280. On February 6, 1995, the grand jury of Sullivan County again indicted Defendant, this time in a two-count Indictment charging him in Count 1 with a Violation of the Habitual Motor Vehicle Offender Act which was alleged to have occurred on November 25, 1994. Count 2 charged the Defendant with the offense of leaving the scene of an accident with property damage, alleging that it also occurred on November 25, 1994.

On March 22, 1995, the Defendant, through his trial counsel, filed a "Motion to Set Aside Judgment." In this Motion, the Defendant asked the trial court to set aside the judgment filed June 30, 1994 declaring him to be an habitual motor vehicle offender. The motion specifically alleged that the default judgment should be set aside because (1) the Defendant was incarcerated on the date of the hearing, June 17, 1994, and could not appear in court, and (2) the Defendant never knew or had any reason to believe that the judgment had been entered against him. The motion was filed pursuant to Rule 60.02, Tennessee Rules of Civil Procedure, but it did not bear the docket number of the habitual

motor vehicle offender petition which was S35,683. Instead, the "Motion to Set Aside Judgment" was filed under Docket Nos. S37,350 and S37,280, the docket numbers for the two indictments returned against the Defendant.

On May 5, 1995, the Defendant filed a "Motion to Dismiss Indictments" in Docket Nos. S37,280 and S37,350. This Motion was reduced to writing and filed pursuant to an oral motion which had been made by the Defendant on March 22, 1995. In this motion, the Defendant alleged that the default judgment was not and had not become final at the time of the alleged charges in Docket Nos. S37,280 and S37,350.

On July 28, 1995, the trial court entered an order, bearing Docket Nos. S37,280 and S37,350, which states in full as follows:

<u>ORDER</u>

The Court having considered the arguments of counsel, the entire record and the "Agreed Stipulation Of Facts" filed on July 14, 1995, finds that the "default judgment" signed by Judge Edgar P. Calhoun on June 30, 1994 in the case styled <u>State of Tennessee v. Robert E. Boling</u> (Case No. S35,683) was not final on November 25, 1994.

Enter this 28th day of July, 1995.

/s/ Frank L. Slaughter

FRANK L. SLAUGHTER, Judge

On August 4, 1995, the State filed a "Notice of Appeal" from the above order which stated that the appeal was as of right in that the order had the substantive effect of dismissing the indictments in Docket Nos. S37,280 and S37,350.

The record in this appeal does not contain any order which specifically dismissed either indictment or which specifically grants relief pursuant to Rule 60, Tennessee Rules of Civil Procedure, in Docket No. S35,683.

We agree with the State's assertions that the proper issue to be considered is whether or not the "default judgment" in the habitual motor vehicle offender case was effective at the time of the alleged offenses in November, 1994, and not whether or not the judgment was a "final judgment." Our Supreme Court has held that "a judgment is final 'when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court.' Saunders v. Metropolitan Gov't. of Nashville & Davidson County, 214 Tenn. 703, 383 S.W.2d 28, 31 (1964)." Richardson v. Tennessee Brd. of Dentistry, 913 S.W.2d 446, 460 (Tenn. 1995). It is clear from the record in this case that the default judgment in the habitual motor vehicle offender case involving the Defendant was a "final judgment" as defined in Richardson. However, it is apparent from the record that the issue at the trial court level, and in this court, is whether the default judgment was not effective because the provisions of Rule 58, Tennessee Rules of Civil Procedure, had not been properly followed.

Rule 1 of the Tennessee Rules of Appellate Procedure provides in part that, "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every proceeding on its merits." Furthermore, the Advisory Commission Comments to the Tennessee Rules of Appellate Procedure, Rule 1, provide in part that, "it is the policy of these rules to disregard technicality in form in order that a just, speedy, and inexpensive determination of every appellate proceeding on its merits may be obtained."

Therefore, even though the order appealed from by the State is somewhat lacking itself in "finality" (it neither grants nor denies relief under Rule 60, Tennessee Rules of Civil Procedure, or grants or denies the Defendant's Motion to Dismiss Indictments), we will address the issue presented on its merits.

In order for a Defendant to be convicted of the offense of violation of the Motor Vehicle Habitual Offenders Act, three (3) prerequisites must be met. Initially, a court of competent jurisdiction must find that the Defendant is an habitual motor vehicle offender pursuant to Tennessee Code Annotated Section 55-10-613. Secondly, a judgment declaring the Defendant an habitual motor vehicle offender must become effective. State v. Donnie M. Jacks, No. 03C01-9108-CR-00256, Anderson County, (Tenn. Crim. App. Knoxville, filed April 28, 1992). Finally, it must be proven beyond a reasonable doubt that the Defendant operated a motor vehicle, after the judgment has become effective, as prohibited by the habitual motor vehicle offender statute. Tenn. Code Ann. § 55-10-616 See State v. Scott D. Vann, No. 03C01-9403-CR-00125, Jefferson County, slip. op. at 3 (Tenn. Crim. App., Knoxville, filed December 15, 1994).

In Bankston v. State, 815 S.W.2d 213, 216 (Tenn. Crim. App. 1991), it is held that actions under the Habitual Motor Vehicle Offender Act are civil in nature. Therefore, the Tennessee Rules of Civil Procedure govern the effectiveness of judgments under the Habitual Motor Vehicle Offender Act.

Rule 58, Tennessee Rules of Civil Procedure, provides that a judgment is effective when it is marked on its face by the clerk as filed for entry, **and** the judgment contains one of the following:

(1) The signatures of the judge and all parties or counsel, or

(2) The signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order **has been served on all other parties or counsel**, or

(3) The signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

(emphasis added).

In the present case, the default judgment bears the signature of the judge. Also it bears the signature of an Assistant District Attorney, along with a certificate of service by him that a copy of the judgment had been sent pursuant to Rule 58 and Rule 5 of the Tennessee Rules of Civil Procedure to Defendant **at his last known address**. (emphasis added). As mentioned above, the address of the Defendant on the certificate of service was listed as 121 Clark Street, Kingsport, Tennessee 37660.

Rule 5.02, Tennessee Rules of Civil Procedure, sets forth how service of pleadings may be made. Regarding service by mail, the Rule specifically states that service can be accomplished by mail to the "person's last known address" or if no address is known, by leaving a copy with the clerk of the court.

The State argues that Rule 5, Tennessee Rules of Civil Procedure, provides that no service must be made upon any party adjudged in default for failure to appear. While this is a correct reading of the rule, and while this court noted this provision of the law in <u>Vann</u>, this court also held "Rule 5.01 allows default judgments to take effect without any service <u>as long as the clerk complies with Rule 58</u>." <u>Vann</u>, No. 03C01-9403-CR-00125, slip. op. at p. 4-5 (emphasis

added). Likewise, compliance with Rule 58 by counsel is necessary in order for a default judgment to be effective.

The present case is distinguishable from <u>Vann</u> because the issue is whether or not counsel for the State complied with Rule 58 even though there was a failure to serve a copy of the judgment upon Defendant at his last known address. In this case, the "last known address" of the Defendant was the Sullivan County Jail, as indicated on the document designated as a "summons" and as reflected in the return by the deputy sheriff of service of the petition on the Defendant. The Assistant District Attorney General did not serve or even attempt to serve a copy of the judgment on the Defendant at his "last known address" and therefore did not comply with Rule 5 of the Tennessee Rules of Civil Procedure. Failing to comply with Rule 5, the judgment therefore did not comply with Rule 58, Tennessee Rules of Civil Procedure, even though the certificate of service indicated that service had been completed by mail.

In <u>Masters by Masters v. Rishton</u>, 863 S.W.2d 702 (Tenn. Ct. App. 1992), there was a similar problem addressed by the Tennessee Court of Appeals, Western Section. An order granting a motion for summary judgment in favor of certain defendants had been entered and it contained a certificate of service certifying that a copy of the order had been served upon all parties of interest in the proceeding. However, during oral argument, it became apparent to the court that the order was never served upon the plaintiffs. Notwithstanding the fact that the certificate of service indicated compliance with Rule 58, upon it becoming clear that in fact there had not been compliance with Rule 58, the Court of Appeals held, "We believe that under the rationale for Rule 58, a

-10-

judgment which is not actually served on a party within a reasonable time after it has been filed, even though it contains a certificate of service, is not a final appealable judgment." Rishton, 863 S.W.2d at 705.

As a result of the failure by the State to properly serve a copy of the judgment declaring Defendant to be an habitual motor vehicle offender, the judgment was not properly entered, and was therefore not in effect at the time of the alleged offenses in November 1994. The trial court should have granted the relief requested by the Defendant pursuant to Rule 60.02 and ordered a proper entry of the judgment under Rule 58, Tennessee Rules of Civil Procedure. Therefore, this case is remanded for proper entry of the judgment under Rule 58. Since there was no effective habitual motor vehicle offender order in effect at the time of the Defendant's alleged offenses in November 1994, the charges of violation of the Habitual Motor Vehicle Offender Act in indictments numbered S37,280 and S37,350 must be dismissed.

Accordingly, the judgment of the trial court should be modified to grant the Defendant's request for relief under Rule 60, Tennessee Rules of Civil Procedure regarding the judgment in Docket No. S35,683, and this matter is therefore remanded for entry of a proper judgment in that case, and the charges against Defendant alleging violations of the Habitual Motor Vehicle Offender Act in indictments numbers S37,280 and S37,350 are dismissed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID H. WELLES, Judge


_____
DAVID G. HAYES, Judge