IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2019

IN RE A.W.

**Appeal from the Chancery Court for Rutherford County**
**No. 18-CV-1243      Darrell Scarlett, Chancellor**

_____

**No. M2019-00358-COA-R3-PT**

_____

In this parental termination case, the petitioners sought termination of the parental rights of mother and the unknown father based upon four statutory grounds, pursuant to Tenn. Code Ann. § 36-1-113(g)(2018). Following a hearing on the petition, the trial court entered an amended order holding that there was clear and convincing evidence sufficient to terminate the parents' rights for abandonment based upon their failure to support and failure to visit the minor child. By the same quantum of proof, the court found that termination is in the child's best interest. The trial court, however, failed to address all of the grounds for termination raised in the petition. The trial court's judgment was not final. Accordingly, this appeal is remanded for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right**
**Appeal Dismissed for Lack of Jurisdiction; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Whitney H. Raque, Murfreesboro, Tennessee, for the appellant, A.W.

Rebecca L. Lashbrook, Murfreesboro, Tennessee, for the appellees, T.G. and A.G.

Ashley Dumat, Murfreesboro, Tennessee, Guardian ad Litem for A.S.W.[1]

No appearance by or on behalf of unknown father.

---

[1] The minor child and mother have the same first and last initials. In order to avoid confusion, we will use the middle initial when referring to the child.

## OPINION

## I.

In January 2016, mother, A.W., visited a church attended by the petitioners, T.G. and A.G. During prayer, mother announced to the congregation that she needed child-care assistance in the evening for her daughter, A.S.W. A.G. operated a child care business in her home. She offered to assist mother with evening child care. Mother placed the child in the care of petitioners; the child has resided with them almost exclusively thereafter.

On January 31, 2018, A.S.W. was adjudicated dependent and neglected. On July 26, 2018, T.G. and A.G. filed a petition to terminate mother and unknown father's parental rights. Mother has an extensive criminal history, which includes prostitution; mother was engaged in prostitution at the time of the conception of the child; therefore the identity of the father is unknown and deemed unascertainable.

On July 27, 2018, mother was served with a summons and a copy of the petition while she was incarcerated in Rutherford County. In response, mother sent a letter to counsel for the petitioners acknowledging receipt of the documents. On August 3, 2018, the letter was filed with the trial court. The court found this letter to be mother's responsive pleading.

On August 24, 2018, the court held an indigency hearing to determine whether or not to appoint counsel for mother and a guardian ad litem for the child. Mother was transported to the courthouse and present for the hearing. On September 5, 2018, the court entered an order appointing counsel for mother; it also appointed a guardian ad litem for the child.

A hearing on the petition was set, by consent of counsel for the parties, for December 14, 2018. At the termination hearing, mother was represented by counsel; however, mother did not personally appear. There is no indication in the record that mother's counsel objected to proceeding with the hearing despite mother's absence. The transcript of the proceedings does not indicate that any preliminary matters were discussed, and mother's counsel waived her opening statement.

T.G. and A.G. were the only witnesses who testified; the court determined that they were "highly credible and of great character." A.G. testified that mother had told her that she is unaware of A.S.W.'s father's identity due to mother's history of prostitution. A.G. testified that the child has essentially been living with her and her husband since mother first dropped her off at the child care, in January 2016. She testified that October 30, 2017 was the last time mother visited with the minor child. Since that date, mother

has not provided any support for the child, has not sent any presents for birthdays or holidays, and has not sent any cards or letters.

A.G. and T.G. both testified that the minor child has been successful in school and has generally thrived in their care. They have an older son with whom the minor child has bonded. The court was presented with numerous pictures showing A.G., T.G., the minor child, and the older son on vacation and engaging in other familial activities. A.G. testified that removing the minor child from their care would be devastating, because she has a stable and emotionally satisfying life in their care.

Following the hearing, the court announced from the bench that it found by clear and convincing evidence that mother has willfully failed to support the child, willfully failed to visit the child, and that the conditions that lead to removal have persisted. It held that a continuation of the parent/child relationship would greatly diminish A.S.W.'s chances of integration into a safe, stable, and permanent home. The court also held that termination was in the child's best interest.

On January 9, 2019, before the court entered its order, mother filed a motion to amend or make additional findings of fact, or in the alternative, for a new trial. In her motion, mother attempted to explain her absence from the termination hearing. She stated that her counsel had sent her a notice of the termination hearing, but that mother had moved and failed to provide her counsel with the new address. She argued that the court erred by proceeding in her absence and that it should grant a new trial. In addition, mother argued that she was incarcerated for most of 2018, that there was only nineteen cumulative days that she was not incarcerated, and therefore her abandonment was not willful.

On January 11, 2019, the trial court entered an order terminating mother and unknown father's parental rights. On January 22, 2019, T.G. and A.G. filed a motion requesting that the court alter or amend the statutory time frame utilized by the court. On February 12, 2019, the court entered its order on mother and petitioners' motions.

In its February 12th order "on petitioner's motion to alter or amend and [mother's] motion to amend or make additional findings of fact, or in the alternative motion for new trial," the court denied mother's motion. The court held that mother's failure to communicate her whereabouts to her counsel was willful. In addition, the court held that the request to make additional findings of fact should be denied, because all of the facts proffered were available at the time of the trial. The court reiterated that the evidence at trial clearly showed mother failed to even attempt communication with A.G. and T.G. from October 30, 2017 until two days prior to the December 14, 2018 trial. Conversely, the court granted T.G. and A.G.'s motion to alter or amend the statutory time frame for abandonment. The court held that mother was not incarcerated from November 27, 2017 through March 27, 2018, which is an uninterrupted four month period prior to mother's

incarceration and the filing of the petition. *See **In re Karma S.C.***, 2014 WL 879155, at \*5 (Tenn. Ct. App. Mar. 5, 2014) (holding that, if a parent is incarcerated when a termination action is commenced, or if a parent is incarcerated during the four-month period preceding such commencement, the court, in considering abandonment, must look to the parents' visitation and support during the four-month period preceding incarceration rather than to the four-month period preceding the petition); Tenn. Code Ann. § 36-1-102(1)(A)(iv) (applicable in termination cases when the parent is incarcerated at the time of the institution of the action to declare a child abandoned).

On February 12th, the court also entered an amended order for termination of the parental rights of mother and unknown father. Therein, it reflected the aforementioned revised November 27, 2017 to March 27, 2018 time frame. During this time frame, the court held that mother abandoned the child by failing to have any contact, direct or indirect, with the child; in addition, she provided no form of support, financial or in-kind, during the entirety of the timeframe that the child has been in the care, custody, and control of T.G. and A.G. The court held that this constituted "total abandonment of the minor child." The court terminated mother's parental rights for abandonment, as defined in Tenn. Code Ann. § 36-1-102, and the unknown father's parental rights for abandonment, pursuant to Tenn. Code Ann. § 36-1-113(g)(9)(A)(ii) and (iii).[2]

The court also held that termination of mother and unknown father's parental rights is in the best interest of the child. It found that there is "no minutiae of evidence nor threshold upon which the [c]ourt can find to allow the parental rights to remain intact as to the child as to either [mother] or [unknown father]." The court stated that it considered the best interest factors, pursuant to Tenn. Code Ann. § 36-1-113(i), but did not demonstrate in its amended order that it indeed considered the statutorily enumerated factors and articulate its reasoning in reaching its conclusion. The trial court did not incorporate its earlier oral ruling into its amended order. Mother appeals.

---

[2] The trial court also stated that it was terminating mother's parental rights for abandonment pursuant to Tenn. Code Ann. § 36-1-113(g)(9)(A)(ii) and (iii). This appears to have been a scrivener's error, because this statutory provision refers to putative fathers:

> [t]he parental rights of any person who, at the time of the filing of a petition to terminate the parental rights of such person, or if no such petition is filed, at the time of the filing of a petition to adopt a child, is the putative father of the child may also be terminated based upon any one (1) or more of the following additional grounds…

Tenn. Code Ann. § 36-1-113(g)(9)(A)(ii) and (iii); *but cf*. Tenn. Code Ann. § 36-1-113(g)(1) (permitting termination of parental rights for abandonment by a parent).

**II.**

The lawful authority of a court to adjudicate a controversy brought before it depends upon that court having jurisdiction; subject matter jurisdiction may be challenged at any time and may be raised by a court on its own motion. ***Turner v. Turner***, 473 S.W.3d 257, 270 (Tenn. 2015).

As this Court recently reiterated,

> [i]mportantly, this Court's jurisdiction in appeals as of right extends only to final judgments. Tenn. R. App. P. 3(a)[;] *but cf.* Tenn. R. App. P. 9 (governing discretionary interlocutory appeals for which no final judgment is necessary); Tenn. R. App. P. 10 (discussing discretionary extraordinary appeals for which no final judgment is necessary). A final judgment for purposes of Rule 3 is one that " 'decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court.' " ***Richardson v. Tennessee Bd. of Dentistry***, 913 S.W.2d 446, 460 (Tenn. 1995) (quoting ***Saunders v. Metropolitan Gov't of Nashville & Davidson County***, 214 Tenn. 703, 383 S.W.2d 28, 31 (Tenn. 1964)).

***Gunn v. Jefferson Cnty. Econ. Dev. Oversight Committee, Inc.***, 578 S.W.3d 462, 464-65 (Tenn. Ct. App. 2019). The Supreme Court has provided the following further guidance:

> To analyze whether an order operates as a final judgment, we must examine the parties' claims and the manner in which the trial court adjudicated those claims. An order that fails to adjudicate all of the parties' claims is unenforceable and not subject to appeal.

***Ball v. McDowell***, 288 S.W.3d 833, 836 (Tenn. 2009). Furthermore, as stated by the Supreme Court,

> It is well-settled that a trial court speaks through its written orders—not through oral statements contained in the transcripts—and that the appellate court reviews the trial court's written orders.

***Williams v. City of Burns***, 465 S.W.3d 96, 119 (Tenn. 2015) (quotations omitted).

## III.

As noted *infra*, the petition to terminate mother and unknown father's parental rights was filed on July 26, 2018. In the petition, A.G. and T.G. requested termination based upon four grounds: 1) abandonment for failure to support, 2) abandonment for failure to visit, 3) persistent conditions, and 4) failure to manifest, by act or omission, an ability and willingness to parent. A review of the "amended order for termination of the parental rights of respondents" entered by the trial court in this matter indicates that the court only addressed the first two grounds. An order that fails to adjudicate all of the parties' claims is unenforceable and not subject to appeal. In light of the foregoing, this appeal is remanded for further proceedings.

On remand, it is important to remember that, because of the gravity of their consequences, proceedings to terminate parental rights require individualized decision making. Tenn. Code Ann. § 36-1-113(k) explicitly requires courts terminating parental rights to enter an order that makes specific findings of fact and conclusions of law. These specific findings of fact and conclusions of law facilitate appellate review and promote just and speedy resolution of appeals. If a lower court fails to comply with Tenn. Code Ann. § 36-1-113(k), the appellate court must remand the case with directions to prepare the required findings of fact and conclusions of law. *See e.g.*, **In re Audrey S.**, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005) (holding that Tenn. Code Ann. § 36-1-113(k) requires courts terminating parental rights to enter an order that makes specific findings of fact and conclusions of law whether they have been asked to or not). In addition, merely stating that it considered the statutory factors regarding best interest enumerated in Tenn. Code Ann. § 36-1-113(i) is insufficient for the trial court to discharge its obligation to engage in the necessary inquiry as to whether or not termination of parental rights is in the child's best interest.

## IV.

This appeal is remanded for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellant, A.W.

_____
CHARLES D. SUSANO, JR., JUDGE