IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2021

**STATE OF TENNESSEE v. JOHNNY SUMMERS CAVIN**

**Appeal from the Criminal Court for Sullivan County**
**No. S72963   James F. Goodwin, Jr., Judge**

——————————————————

**No. E2020-01333-CCA-R3-CD**

——————————————————

Robert L. Holloway, Jr., J., dissenting.

I respectfully dissent from the majority's holding that this court does not have jurisdiction to address the merits of this case.

On August 20, 2020, the Defendant pled guilty pursuant to a plea agreement that expressly provided that restitution would be determined at a September 25, 2020 restitution hearing. The prosecution prematurely filed the judgments before the restitution hearing and before the sentence was imposed. "Payment of restitution . . . alone or in addition to any other sentence" is an alternative sentencing. Tenn. Code Ann. § 40-35-104(c)(2)(2020). A restitution hearing, just like any other hearing to determine if a defendant should receive an alternative sentence, is a sentencing hearing. Unless the sentence is agreed upon, [b]efore imposing sentence or making other disposition upon acceptance of a plea of guilty . . ., the court shall conduct a sentencing hearing without unreasonable delay[.]"[1] Because restitution was to be determined, the sentence was not agreed upon. I agree with the majority's determination that "the judgments filed on August 20, 2020, did not constitute final judgments" and that "the trial court retained jurisdiction to enter a restitution order and amended judgments."

Following the September 25 hearing, the trial court entered a restitution order which provided in part: "After consideration of the [D]efendant's ability to pay and the victim's pecuniary loss, the Court orders restitution in the amount of $5,500. This amount shall be paid through the Board of Probation and Parole during the [D]efendants' supervision." Based on this provision, the majority found *State v. Rodney Northern*, No. E2009-01969-CCA-R3-CD, 2010 WL 2852288 (Tenn. Crim. App. July 21, 2010) to be instructive, stating "[i]n *Rodney Northern* . . . the restitution order did not include payment terms as statutorily required and deferred establishing a payment schedule to the probation officer.

——————————————————

[1] A capital case in which a verdict of death is possible is an exception. Tenn. Code Ann. § 40-35-203(c) (2020).

2010 WL 2852288, at \*4." (Emphasis added). I have found no statute nor published opinion requiring that the trial court establish a payment schedule, and in my opinion, having the probation officer monitor compliance with a condition of probation does not amount to deferring the establishing a payment schedule.

Tennessee Code Annotated section 40-35-304 provides "procedural aspects of restitution where imposed as a condition of probation." Tenn. Code Ann. § 40-35-304 (2020), Sentencing Comm'n Cmts. Section 40-35-304(c) states:

> The court *shall specify* at the time of the sentencing hearing *the amount and time of payment or other restitution* to the victim and *may permit payment* or performance *in installments*. The court may not establish a payment or performance schedule extending beyond the statutory maximum term of probation supervision that could have been imposed for the offense.

Tenn. Code Ann. § 40-35-304(c) (2020) (emphasis added). "When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use[.]" *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009). In my opinion, there is nothing ambiguous about the phase "may permit payment or performance in installments." Unlike the mandatory language requiring the court to specify the amount and time of payment, the statute expressly gives the trial court discretion to determine if restitution should be paid in installments. The trial court specified the *amount* of restitution at $5,500 and specified the *time of payment* as the term of the Defendant's probated sentence. The trial court followed the procedure and complied with the requirements of section 40-35-304(c).

In my opinion the October 1, 2020 amended judgments "decide[d] and dispose[d] of the whole merits of the case leaving nothing for the further judgment of the court." *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995) (quoting *Saunders v. Metro. Gov't of Nashville & Davidson Cnty.*, 383 S.W.2d 28, 31 (Tenn. 1964)) (internal quotation marks omitted). Therefore, the October 1, 2020 amended judgments were final and we have jurisdiction to address the merits of this appeal.

_____
ROBERT L. HOLLOWAY, JR., JUDGE